

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-09-00375-CV

## IN RE JASON SPILLER

_____

## Original Proceeding

## O P I N I O N

Jason Spiller sued Gloria Jean Boon[1], Jerry Miller, and Glenda Miller. Spiller sought and obtained a no-answer default judgment. A motion for new trial, purportedly filed by both the Millers and Boon, was denied by operation of law. Boon filed a petition for bill of review, which was granted after a hearing.[2] Spiller now seeks a writ of mandamus directing Respondent, the Honorable John Neill, judge of the 18th Judicial District Court of Johnson County, to vacate the order granting Boon's bill of review and vacating the default judgment. We deny the relief requested.

---

[1]      The petition and citation both name "Gloria Boon*e*."

[2]      This proceeding was filed under a new cause number.

## TIMELINESS OF PETITION

Boon contends that Spiller waived his right to mandamus relief by filing his petition several months after Respondent's order granting the bill of review.

Although mandamus is not an equitable remedy, its issuance is controlled largely by equitable principles. *In re Int'l Profit Assocs.*, 274 S.W.3d 672, 676 (Tex. 2009) (orig. proceeding). "One such principle is that 'equity aids the diligent and not those who slumber on their rights.'" *Id*. Thus, a petition for mandamus may be denied under the equitable doctrine of laches if the relator has failed to diligently pursue the relief sought. *In re Wise*, 20 S.W.3d 894, 895 (Tex. App.—Waco 2000, orig. proceeding). A party asserting the defense of laches must show both an unreasonable delay by the mandamus petitioner and harm resulting from the delay. *In re Border Steel, Inc.*, 229 S.W.3d 825, 836 (Tex. App.—El Paso 2007, orig. proceeding).

Respondent signed the bill of review final order on May 21, 2009.[3] Spiller filed his petition on November 13. In a letter to this Court, Spiller explained that this delay results from the length of time taken by the court reporter to prepare the record. Spiller sent three letters to the court reporter: an initial inquiry on April 21, request and payment on May 13, and an inquiry about the record's status on July 31. The record was completed on September 8 and, according to Spiller, received on September 21.

Boon argues that we cannot consider Spiller's letters to the court reporter because they are not contained in the appendix, in violation of Rules of Appellate Procedure 52.3(k) and 52.7. Because such a defect may be corrected, and given the

---

[3] Respondent orally granted Boon's bill of review at the conclusion of a hearing on April 8, 2009.

exigency of a petition for writ of mandamus, we will disregard Spiller's failure to comply with Rules 52.3(k) and 52.7(a). *See* TEX. R. APP. P. 2; *see also In re Cahill*, 267 S.W.3d 104, 106 (Tex. App.—Corpus Christi 2008, orig. proceeding); *Cronen v. Smith*, 812 S.W.2d 69, 70 (Tex. App.—Houston [1st Dist.] 1991, orig. proceeding).

Boon also argues that Spiller failed to justify the delay because: (1) the court reporter's responses are not provided; and (2) Spiller waited weeks to check the record's status and did not inform the court reporter that "a mandamus is being filed, that time is of the essence, or even that a record is needed promptly."

Absent any response from the court reporter, the transcript of the hearing itself is dated September 8. Perhaps Spiller could have been more diligent, but this is not a case where there is no explanation for the delay. *See Int'l Profit Assocs.*, 274 S.W.3d at 676-77 (Although IPA could have been more diligent, its actions did "not indicate the type of delay that forfeits a party's right to mandamus relief."); *see also Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (Rivercenter waited over four months to seek mandamus relief, offered no justification for the delay, and showed no "diligent pursuit of any right"). Nor has Boon attempted to show that she suffered any harm as a result of the delay. *See Border Steel*, 229 S.W.3d at 836.

Because Spiller has offered a reasonable justification for the delay in filing his petition, he has not waived his right to mandamus relief. *See Int'l Profit Assocs.*, 274 S.W.3d at 676**;** *see also Wise*, 20 S.W.3d at 895; *In re Hinterlong*, 109 S.W.3d 611, 620-21 (Tex. App.—Fort Worth 2003, orig. proceeding).

## ADEQUATE REMEDY

To be entitled to mandamus relief, Spiller must show that he has no adequate remedy by appeal. *See In re Bexar County Criminal Dist. Attorney's Office*, 224 S.W.3d 182, 185 (Tex. 2007) (orig. proceeding); *see also In re Stearman*, 252 S.W.3d 113, 115 (Tex. App.—Waco 2008, orig. proceeding).

Two lines of cases address whether mandamus relief is available when the trial court grants a bill of review vacating a prior judgment. Some courts hold that "[a]n erroneously granted bill of review is effectively a void order granting a new trial and is an abuse of discretion that affords no adequate remedy at law." *In re Nat'l Unity Ins. Co*, 963 S.W.2d 876, 877 (Tex. App.—San Antonio 1998, orig. proceeding); *see Schnitzius v. Koons*, 813 S.W.2d 213, 218 (Tex. App.—Dallas 1991, orig. proceeding). Other courts hold that the proper remedy is "appeal from the entire reinstated cause, when that judgment becomes appealable." *Tex. Mexican Ry., Co. v. Hunter*, 726 S.W.2d 616, 618 (Tex. App.—Corpus Christi 1987, orig. proceeding); *see In re Moreno*, 4 S.W.3d 278, 280-81 (Tex. App.—Houston [14th Dist.] 1999, orig. proceeding); *see also Stettner v. Apollo Paint & Body Shop, Inc.*, No. 01-02-00204-CV, 2002 Tex. App. LEXIS 5102, at *2-3 (Tex. App.—Houston [1st Dist.] July 18, 2002, orig. proceeding) (not designated for publication); *Ott v. Files*, No. 03-00-00612-CV, 2000 Tex. App. LEXIS 7559, at *1-2 (Tex. App.—Austin Nov. 9, 2000, no pet.) (not designated for publication).

We agree with the Fourteenth Court's conclusion in *Moreno* that "an order erroneously granting a bill of review is merely voidable, not void:"

> [B]ecause the trial court's ruling on a bill of review is appealable after the court denies the bill, or after the court grants the bill and rules on the merits, the court's ruling is 'binding until disaffirmed' and thus, merely voidable.

*Moreno*, 4 S.W.3d at 280-81; Tex. R. Civ. P. 329b(f). However, we disagree with the Fourteenth Court's finding that Moreno had an "adequate remedy by appeal of the eventual final judgment in the underlying case." *Moreno*, 4 S.W.3d at 281.

Since *Moreno*, the Texas Supreme Court has relaxed the standards for establishing an adequate remedy. Today, "[t]he adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments." *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding); *see In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). In evaluating benefits and detriments, we consider whether mandamus will: (1) "preserve important substantive and procedural rights from impairment or loss;" (2) "'allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments;'" and (3) "spare litigants and the public 'the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.'" *Team Rocket*, 256 S.W.3d at 262. "'[A]n appellate remedy is not inadequate merely because it may involve more expense or delay than obtaining an extraordinary writ'…but extraordinary relief can be warranted when a trial court subjects taxpayers, defendants, and all of the state's district courts to meaningless proceedings and trials." *Id.* at 262 (citing *Walker v. Packer*, 827 S.W.2d 833, 842 (Tex. 1992) and *Prudential*, 148 S.W.3d at 137).

> [I]nsisting on a wasted trial simply so that it can be reversed and tried all over again creates the appearance not that the courts are doing justice, but that they don't know what they are doing. Sitting on our hands while unnecessary costs mount up contributes to public complaints that the civil justice system is expensive and outmoded.

*In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 466 (Tex. 2008) (orig. proceeding).

If Respondent erroneously granted the bill of review, then Spiller is entitled to a default judgment against Boon without the necessity of a meaningless trial. Absent mandamus relief, he loses his right to a default judgment. *See* TEX. R. CIV. P. 239. Thus, a conclusion that Spiller has an adequate remedy by appeal after final judgment would impair Spiller's procedural rights and require the parties to participate in a "wasted trial simply so that it can be reversed and tried all over again." *McAllen Med. Ctr.*, 275 S.W.3d at 466. After balancing the benefits and the detriments, we conclude that Spiller does not have an adequate remedy by appeal. *See Team Rocket*, 256 S.W.3d at 262; *see also Prudential*, 148 S.W.3d at 136. Mandamus relief is the proper remedy in this case.

## ABUSE OF DISCRETION

In two issues, Spiller argues that Respondent abused its discretion by finding that Boon: (1) "conclusively prove[d] non-service of process upon the named GLORIA BOONE;" and (2) did not participate in the motion for new trial. *See Bexar County*, 224 S.W.3d at 185 (abuse of discretion standard); *see also Stearman*, 252 S.W.3d at 115 (same).

### Non-Service of Process

In issue one, Spiller argues that Boon failed to establish non-service of process because her testimony denying service is uncorroborated.

"[S]trict compliance with the rules for service of citation [must] affirmatively appear on the record in order for a default judgment to withstand direct attack." *Primate Constr. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994). "There are no presumptions in favor of valid issuance, service, and return of citation." *Id*. "The return of service is not a trivial, formulaic document," but is "prima facie evidence of the facts recited therein." *Id*. "The recitations in the return of service carry so much weight that they cannot be rebutted by the uncorroborated proof of the moving party." *Id*.

> The prohibition against considering the challenger's evidence applies only if the evidence does not rise above mere denial of service, or mere denial of service buttressed only by the serving officer's inability to remember serving that particular party. The test of the evidence, from whatever source, is whether it demonstrates independent facts and circumstances that support, and thus corroborate, the challenger's claim.

*Min v. Avila*, 991 S.W.2d 495, 503 (Tex. App.—Houston [1st Dist.] 1999, no pet.).

The officer's return, signed by Deputy Richard Tackett, states that Boon was personally served at 10:05 a.m. on August 18. Boon testified that she was not personally served on this date and no citation was affixed to her door. She found a citation, signed by Tackett and dated August *19*, in her mailbox. Boon wrote on the citation: "Found in mail box open faced - no envelope." Tackett did not testify.

Boon faxed the citation and petition to Dottie Melko at Germania Insurance. Melko sent a letter to Spiller's counsel stating that the petition was left in Boon's mailbox, which is "hardly proper service," requesting proper service of the suit, and informing counsel that Germania did not accept service for its insureds. Counsel provided Melko with a copy of the petition and order for substituted service. Boon

testified that she was not thereafter served and never authorized Germania to accept service for her. She was unaware that Melko asked for an extension to file an answer.

Boon argues that her handwritten notation on the citation and Melko's letter corroborate her testimony. Spiller contends that this evidence is insufficient corroboration because Boon is the source of the information. *See Davis v. Davis*, 521 S.W.2d 952, 954 (Tex. Civ. App.—Forth Worth 1975, no writ) ("There should be at least two witnesses or one witness with strong corroborative facts and circumstances proceeding from a source other than the witness."); *see also Garza v. Phil Watkins, P.C.*, No. 04-07-00848-CV, 2009 Tex. App. LEXIS 1588, at *6-8 (Tex. App.—San Antonio Mar. 4, 2009, no pet.) (mem. op.) (Garza and his wife testified to an absence of service, but process server gave detailed information regarding service on Garza).

Boon's delivery of the citation and petition to Melko is some evidence supporting her contention that she was not served. *See Ward v. Nava*, 488 S.W.2d 736, 737-38 (Tex. 1972) (Declining to disturb trial court's finding to the contrary, but concluding: "The actions of Ward in searching for the papers and in promptly taking the papers to the insurance agent on their discovery constitute some corroborating evidence of Ward's contention that he had not been served."). Additionally, corroborating evidence need not be direct, but may be circumstantial. *See Sanders v. Harder*, 227 S.W.2d 206, 209, 148 Tex. 593 (1950); *see also Min*, 991 S.W.2d at 501. The record contains such evidence.

For instance, the record contains two citations signed by Tackett, each with a different date. Constable Bill Pearce identified Tackett's initials on the citation found in Boon's mailbox. Both citations incorrectly name "Gloria Boone," not "Gloria Jean

Boon." *See Medeles v. Nunez*, 923 S.W.2d 659, 662 (Tex. App.—Houston [1st Dist.] 1996, writ denied), *overruled on other grounds by Barker CATV Constr., Inc. v. Ampro, Inc.*, 989 S.W.2d 789, 792-93 (Tex. App.—Houston [1st Dist.] 1999, no pet.) (Citation defective, in part, because it named "'Maria Mendeles' (not Maria Medeles) as the defendant"). Respondent authorized service by leaving a copy of the citation and the petition with anyone over the age of sixteen at 7324 W. FM 916 or by affixing the citation and petition to the front door at 12547 CR 117. Tackett's return states that service was accomplished "in person," but the document attached to the citation states: "RETURNED[] COURTS. REQ 106 ADDRESS VERIFIED *REC'D OK TO HANG* 08-01-2008." Not only is this inconsistent, but the manner of service alleged in the return does not comport with that authorized by Respondent's order. *See Dolly v. Aethos Commc'n. Sys., Inc.*, 10 S.W.3d 384, 388 (Tex. App.—Dallas 2000, no pet.).

The citations for Glenda and Jerry list the Rio Vista address and state that service was achieved on August 18 at 9:05 a.m., one hour before Boon was allegedly served at the 12547 CR 117 address. Both Glenda and Jerry testified that they were not personally served on this date and were not even home at 9:00 a.m. on the 18th. Glenda and Jerry both testified that they were never served any papers on Boon's behalf and never found any papers affixed to the front door of their residence.

Moreover, Pearce testified that Tackett quit work a few days after August 18. Deputy Constable Lou Corwin testified that she had to retrieve Tackett's official vehicle and conduct a welfare check at his home. Corwin found several unserved and served documents in the vehicle. Laura Summey, a clerk for Constable Pearce, testified that

Tackett dropped off several such documents at her home. Corwin testified that she notarized Tackett's affidavit, but he had attempted to write, not print, his signature.

Spiller contends that this evidence does not affect Boon's service because Pearce and Summey received no complaints regarding unserved documents in Tackett's possession or documents he claimed to have served, Corwin testified that Tackett was aware of the proper procedures regarding completion of documents, and Pearce testified that he had no reason to doubt the veracity of the return. However, Tackett's behavior in the days following the alleged service of Boon raises questions regarding Tackett's credibility, and thus, the veracity of the return. *See Min*, 991 S.W.2d at 503 (Officer's testimony raised questions regarding proper service of other papers).

Whether Boon was served with citation is at least within the zone of reasonable disagreement. *See Sanders*, 227 S.W.2d at 209 (Despite officer's return and deputy's testimony claiming service, various circumstances "while not as strong as might be desired, [] constitute[d] some competent evidence corroborating the testimony of the petitioners [denying service]."). Respondent did not abuse his discretion by finding that Boon conclusively proved non-service of process.

### Motion for New Trial

In issue two, Spiller argues that Boon participated in the filing of the motion for new trial and failed to exhaust her legal remedies.

Traditionally, a bill of review requires proof of three elements: (1) a meritorious defense, (2) that was not asserted due to fraud, accident, or wrongful act of an opponent or official mistake, (3) unmixed with any fault or negligence by the movant. *Ross v.*

*Nat'l Ctr. for the Employment of the Disabled*, 197 S.W.3d 795, 797 (Tex. 2006). However, "a defendant who is not served with process is entitled to a bill of review without a further showing, because the Constitution discharges the first element, and lack of service establishes the second and third." *Id*. "A party who becomes aware of the proceedings without proper service of process has no duty to participate in them." *Id*. (quoting *Caldwell v. Barnes*, 154 S.W.3d 93, 97 n.1 (Tex. 2004)). "While diligence is required from properly served parties or those who have appeared…those not properly served have no duty to act, diligently or otherwise." *Id*. at 798.

Boon was not required to file a motion for new trial before seeking a bill of review. *See Ross*, 197 S.W.3d at 797. Nevertheless, Spiller contends that a motion for new trial and supporting affidavit were filed on Boon's behalf.

When she discovered the default judgment, Boon contacted Glenda and told her to "take care of it." She also contacted Glenda's attorney, Josh Turman. Boon testified that a motion for new trial may have been mentioned, but that Turman was not her attorney and she had no "specific knowledge" of how he planned to remedy the situation. She had no knowledge of the status of the case until she received a notice for post-trial deposition. Boon did not recall signing an affidavit, receiving an affidavit from Turman, or signing an affidavit in Turman's office. She testified that the signature on her alleged affidavit was not her signature and she did not know whose signature it was. She did not recall authorizing anyone to sign the affidavit on her behalf.

Glenda testified that she signed the affidavit, believing that she had Boon's permission because Boon wanted her to "take care of it." She knew that Turman was

filing the motion for new trial on Boon's behalf, but she never directly told Boon that an affidavit would be filed on her behalf and was not certain that she told Boon about the motion for new trial. She further testified that Turman was not Boon's attorney.

Spiller contends that Boon and Glenda established an agency relationship whereby Glenda "took affirmative steps to seek relief from the default judgment," including ""hiring of counsel to prepare and present the motion, the preparation of an affidavit on behalf of Ms. Boon, and signing the affidavit of Ms. Boon."

However, both Boon and Glenda testified that Turman was not Boon's attorney and that Boon was unaware that a motion or affidavit would be filed on her behalf. Even assuming that Glenda was authorized to act as Boon's agent, "[a] statement signed on behalf of the affiant…is not a valid affidavit even if the affiant expressly authorizes the signature." *De Los Santos v. Sw. Tex. Methodist Hosp.*, 802 S.W.2d 749, 755 (Tex. App.—San Antonio 1990), *overruled on other grounds by Lewis v. Blake*, 876 S.W.2d 314 (Tex. 1994); *see* TEX. GOV'T CODE ANN. § 312.011(1) (Vernon 2005) (An "affidavit" is a "statement in writing of a fact or facts *signed by the party making it*, sworn to before an officer authorized to administer oaths, and officially certified to by the officer under his seal of office."); *see also Hatcher v. TDCJ-Inst'l Div.*, 232 S.W.3d 921, 925 (Tex. App.—Texarkana 2007, pet. denied) ("An affidavit must be signed by the affiant for such an instrument to have any effect."). Boon's affidavit was invalid because she did not personally sign the affidavit in the presence of the notary. *See De Los Santos*, 802 S.W.2d at 755; *see also Hatcher*, 232 S.W.3d at 925.

Nor was Boon required to file a notice of appeal. Having established non-service of process, she was not required to exhaust all legal remedies.[4] *See Cash v. Beaumont Dealers Auto Auction, Inc.*, 275 S.W.3d 915, 919 (Tex. App.—Beaumont 2009, no pet.) (notice of appeal); *see also Ross*, 197 S.W.3d at 797 (motion for new trial); *Gold v. Gold*, 145 S.W.3d 212, 213 (Tex. 2004) (restricted appeal).

In summary, whether Boon participated in the motion for new trial is at least within the zone of reasonable disagreement. Respondent did not abuse his discretion by finding that Boon did not so participate.

## CONCLUSION

Because Spiller has not established his right to mandamus relief, we deny his petition for writ of mandamus.

FELIPE REYNA
Justice

Before Chief Justice Gray
  Justice Reyna, and
  Justice Davis
  (Chief Justice Gray dissenting with note)*
Writ denied
Opinion delivered and filed January 13, 2010
[OT06]

---

[4] Spiller cites several cases for the proposition that Boon must exhaust legal remedies even when alleging non-service. *See In re Botello*, No. 04-08-00562-CV, 2008 Tex. App. LEXIS 8875, at *10-11 (Tex. App.—San Antonio Nov. 26, 2008, orig. proceeding) (mem. op.); *see also In the Interest of A.G.G.*, 267 S.W.3d 165, 168-69 (Tex. App.—San Antonio 2008, pet. denied); *Morgan v. Bracken*, No. 05-03-01813-CV, 2004 Tex. App. LEXIS 11112, at *3-4 (Tex. App.—Dallas Dec. 10, 2004, no pet.) (mem. op.); *Ledbetter v. State*, No. 02-03-00058-CV, 2004 Tex. App. LEXIS 7295, at *2-7 (Tex. App.—Fort Worth Aug. 12, 2004, no pet.) (mem. op.); *Nguyen v. Intertex, Inc.*, 93 S.W.3d 288, 294-95 (Tex. App.—Houston [14th Dist.] 2002, no pet.); *Brooks v. Assoc. Fin. Servs. Corp.*, 892 S.W.2d 91, 94 (Tex. App.—Houston [14th Dist.] 1994, no writ). The Texas Supreme Court, however, has made clear that this is not the case when a party *proves non-service* of process. *See Ross v. Nat'l Ctr. for the Employment of the Disabled*, 197 S.W.3d 795, 797 (Tex. 2006).

*        (Chief Justice Gray would deny the petition for writ of mandamus without an opinion.  A separate opinion will not issue.  He notes, however, that once the Court determined, as he had when it was first filed, that the petition should be denied, there would be no wasted trial and thus there is adequate relief by appeal notwithstanding the "relaxing" of this factor when balanced with cost.  The Court simply engages in giving Spiller the bad news now rather than overruling an issue if Spiller must appeal later.  Chief Justice Gray joins no part of the opinion.)