



## OPINION

No. 04-12-00164-CV

**IN RE J.M., IV**, a Child

Original Mandamus Proceeding[1]

Opinion by: Catherine Stone, Chief Justice

Sitting: Catherine Stone, Chief Justice
Karen Angelini, Justice
Sandee Bryan Marion, Justice

Delivered and Filed: May 23, 2012

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

On March 14, 2012, Relator Jesus Moya, III filed a petition for writ of mandamus complaining the trial court abused its discretion in granting real party in interest Rebeca Gonzalez's bill of review as to DNA testing. We agree and conditionally grant the petition for writ of mandamus.

### BACKGROUND

This proceeding arises out of a bill of review granted to Gonzalez. The underlying suit arises out of a child custody matter in which Gonzalez and Moya were appointed joint managing conservators over their child, J.M., born April 23, 2009. A birth certificate was filed with the State of Texas on June 3, 2009 and signed by both Gonzalez and Moya. The Suit Affecting

---

[1] This proceeding arises out of Cause No. 2011-CVQ-002025-C1, styled *In the Interest of J.M., IV, a Child*, pending in the County Court at Law No. 1, Webb County, Texas, the Honorable Alvino (Ben) Morales presiding.

Parent Child Relationship (SAPCR) order was signed on October 28, 2010, naming Gonzalez as the conservator with the exclusive right to establish the residency of the child and granting Moya standard visitation rights and the obligation of child support set at $218.00 per month. Seven months later, Gonzalez was convicted in federal court for the offense of felony drug trafficking and sentenced to five years confinement in a federal penitentiary.

In June of 2011, Moya filed a Petition to Modify custody, seeking to be named conservator with the exclusive right to establish the child's residency. The following month, on July 12, 2011, temporary orders were entered granting Moya custody and the maternal grandmother visitation rights. Due to her movement within the federal system, Gonzalez was not notified of the petition to modify until September of 2011.

In October of 2011, Gonzalez filed a Petition for Bill of Review, requesting the trial court set aside and vacate the original SAPCR order, dated October 28, 2010, based on allegations that (1) Gonzalez did not understand English, (2) Moya misrepresented the terms of the custody arrangement, and (3) Moya was not the biological father of the child. The petition was not verified and did not contain either an affidavit or sworn testimony signed by Gonzalez.

On November 22, 2011, the trial court considered the petition, but received no evidence or testimony in support of the allegations. Over objections by Moya's counsel, the trial court granted the oral request by Gonzalez's attorney and ordered Moya to submit himself for genetic testing to prove parentage. This petition for writ of mandamus ensued.

## STANDARD OF REVIEW

This court, along with other courts, has previously held mandamus relief is available when a trial court erroneously grants a bill of review. *See In re Spiller*, 303 S.W.3d 426, 431 (Tex. App.—Waco 2010, orig. proceeding); *In re Attorney Gen. of Tex.*, No. 04-00-00672-CV,

2001 WL 8547, at \*1 (Tex. App.—San Antonio Jan. 3, 2001, orig. proceeding); *In re Off. of Attorney Gen.*, 276 S.W.3d 611, 621 (Tex. App.—Houston [1st Dist.] 2008, orig. proceeding); *In re Nat'l Unity Ins. Co.*, 963 S.W.2d 876, 877 (Tex. App.—San Antonio 1998, orig. proceeding). We will not disturb the ruling unless the trial court abused its discretion. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). A trial court abuses its discretion if it acts in an unreasonable or arbitrary manner, or without reference to any guiding rules or principles. *Prudential*, 148 S.W.3d at 136. "A trial court has no 'discretion' in determining what the law is or applying the law to the facts," and "a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Walker*, 827 S.W.2d at 840.

Gonzalez argues that Moya has failed to establish a lack of adequate remedy by appeal. The Texas Supreme Court addressed this specific issue in *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). "The adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments. In evaluating benefits and detriments, we consider whether mandamus will preserve important substantive and procedural rights from impairment or loss." *Id.* (*citing Prudential Ins. Co. of Am.*, 148 S.W.3d at 136). "[A]n appellate remedy is not inadequate merely because it may involve more expense or delay than obtaining an extraordinary writ' . . . but extraordinary relief can be warranted when a trial court subjects taxpayers, defendants, and all of the state's district courts to meaningless proceedings and trials." *Id.* at 137. Accordingly, if the trial court erroneously granted the bill of review, then Moya is entitled to a writ of mandamus to avoid a useless trial simply to have it reversed and tried all over again. *See In re Spiller*, 303 S.W.3d at 431.

**ANALYSIS**

"A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal." *Cadwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004). In light of the overriding public interest in the finality of judgments, a bill of review may be obtained only on narrow grounds. *See Transworld Fin. Servs. Corp. v. Briscoe*, 722 S.W.2d 407, 408 (Tex. 1987). In order to succeed in setting aside the final judgment, Gonzalez had the burden to establish: (1) a meritorious defense to the cause of action alleged to support the judgment; (2) which she was prevented from making by the fraud, accident, or wrongful act of the opposite party; (3) unmixed with any fault or negligence of her own. *Cadwell*, 154 S.W.3d at 96; *see also King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003).

Although the October 2010 SAPCR order establishing the parent-child relationship between Moya and J.M. was not based on a fully contested trial on the merits, it was an agreed order and such orders are final with the same binding force of a final judgment rendered at the conclusion of an adversary proceeding. *In re Off. of Attorney Gen.*, 193 S.W.3d 690, 692 (Tex. App.—Beaumont 2006, orig. proceeding).

In her bill of review, Gonzalez asserted that Moya "took advantage of her lack of understanding of the English [language] to misrepresent and mischaracterize the actions pending in the court that led to the granting of" the complained of order. As such, Gonzalez argues that she was prevented from asserting the fact that Moya is not the biological father of the child. Additionally, during the hearing on the bill of review, Gonzalez's attorney argued that Moya perpetrated a fraud on Gonzalez.

In a petition for a bill of review, fraud is classified as either extrinsic or intrinsic. *King Ranch*, 118 S.W.3d at 552. The petitioner must specifically allege and prove extrinsic fraud as distinguished from intrinsic fraud. *Nelson v. Chaney*, 193 S.W.3d 161, 165 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Tice v. City of Pasadena*, 767 S.W.2d 700, 702 (Tex. 1989). "[F]ailure to plead extrinsic fraud will result in denial of the right to a trial by bill of review." *Ince v. Ince*, 58 S.W.3d 187, 190 (Tex. App.—Waco 2001, no pet.) (*citing Tice*, 767 S.W.2d at 700).

Extrinsic fraud is fraud that denies a party the opportunity to fully litigate at trial all the rights or defenses that he could have asserted. *Tice*, 767 S.W.2d at 702. Extrinsic fraud is "wrongful conduct practiced outside of the adversary trial-such as keeping a party away from court, making false promises of compromise, denying a party knowledge of the suit-that affects the manner in which the judgment is procured." *Ince*, 58 S.W.3d at 190. "Extrinsic fraud is 'collateral' fraud in the sense that it must be collateral to the matter actually tried and not something which was actually or potentially in issue in the trial." *Montgomery v. Kennedy*, 669 S.W.2d 309, 312 (Tex. 1984).

In contrast, intrinsic fraud "relates to the merits of the issues [that] were presented and presumably were or should have been settled in the former action." *Browning v. Prostock*, 165 S.W.3d 336, 347-48 (Tex. 2005). Intrinsic fraud includes fraudulent instruments, perjured testimony, or any matter which was actually presented to and considered by the trial court in rendering judgment. *Id*. at 348. The Texas Supreme Court has noted that "when the fraudulent acts themselves are in issue, or could have been in issue, in the prior proceeding, the fraud is intrinsic." *Id*.

In her bill of review and at the hearing, Gonzalez alleged that Moya prevented her from asserting that Moya was not the biological father by taking advantage of her lack of English. On appeal, Moya argues that Gonzalez failed to make a prima facie case to be entitled to a bill of review and, more specifically, failed to establish extrinsic fraud. We agree. Because parentage was the basis of the original SAPCR order, signed on October 28, 2010, and the alleged fraud was that of Moya, a party to the suit, Gonzalez's claim regarding Moya's misrepresentations are intrinsic in nature and not extrinsic fraud. *See Temple v. Archambo*, 161 S.W.3d 217, 225-26 (Tex. App.—Corpus Christi 2005, no pet.). (Because paternity was an issue involved in the original divorce proceeding, the court concluded that "Temple alleged only intrinsic fraud because his 'meritorious defense' could have been fully presented at the original proceeding.").

To prove extrinsic fraud, Gonzalez had to present a prima facie case that Moya prevented her from having a fair opportunity to assert that Moya was not the child's father when the SAPCR order was entered by the trial court. *See Ince*, 58 S.W.3d at 190-91. Moreover, Gonzalez presents no sworn facts that Moya prevented her from raising her claim or requesting a DNA test at the time of paternity. To the contrary, the record includes an agreed order that Gonzalez signed before a notary swearing that Gonzalez knew and understood the papers she had signed and a birth certificate, filed by both parties shortly after the child was born, identifying both parties as the child's parents. Thus, because Gonzalez's contention that she was prevented from raising the issue of paternity is intrinsic in nature, and not extrinsic as required by *King Ranch*, 118 S.W.3d at 552, she has failed to establish her entitlement to a bill of review.

Gonzalez did not meet the preliminary requirements for a bill of review proceeding because she did not allege sufficient facts to show that the SAPCR order was rendered as the

result of extrinsic fraud. The trial court therefore abused its discretion in ordering Moya to undergo DNA testing based upon the allegations in Gonzalez's petition for bill of review.

## CONCLUSION

Accordingly, we conclude the trial court abused its discretion in granting the bill of review. Therefore, we conditionally grant the petition for writ of mandamus. The trial court is ordered to withdraw its January 29, 2012 order granting the bill of review as to the DNA testing. The writ will issue only if the trial court fails to comply within fourteen days.

Catherine Stone, Chief Justice