**Petition for Writ of Mandamus Denied and Memorandum Opinion filed September 24, 2019.**



In The

# Fourteenth Court of Appeals

## NO. 14-19-00636-CV

### IN RE LANCE BOWE, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**308th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2005-12087-A**

---

## MEMORANDUM OPINION

On August 20, 2019, relator Lance Bowe filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 Supp.); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Alicia Franklin York, presiding judge of the 311th District Court of Harris County to: (1) vacate and declare void the December 19, 2018 order granting the motion to dismiss in Cause No. 2005-12087A, and (2) reverse the order of the trial court granting the bill of

review in Cause No. 2015-77061 and render judgment denying the bill of review or remand the bill of review for a jury trial.

With certain exceptions not in play in this proceeding, to obtain mandamus relief, the relator must show both that the trial court clearly abused its discretion and that the relator has no adequate remedy at law, such as an appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam).

Relator is not entitled to mandamus relief from the order granting the motion to dismiss because he has not shown that he lacks an adequate remedy through his pending appeal of that order in Case No.14-19-00323-CV, in this court. *See In re Lerma*, 144 S.W.3d 21, 26 (Tex. App.—El Paso 2004, orig. proceeding) (denying mandamus relief "because the issues raised by relator are capable of being reviewed in the pending appeal and he has failed to show how this remedy is inadequate").

Nor is relator entitled to mandamus relief from the order granting the bill of review because he has not shown that an appeal after final judgment would not provide an adequate remedy for any error. *See In re Moreno*, 4 S.W.3d 278, 281 (Tex. App.—Houston [14th Dist.] 1999, orig. proceeding) (denying mandamus relief because relators have an adequate remedy for the grant of the bill of review by appeal of the eventual final judgment in the underlying case); *see also Patrick O'Connor & Associates, L.P. v. Wang Inv. Networks, Inc.*, No. 01-12-00615-CV, 2013 WL 1451358, at *1–2 (Tex. App.—Houston [1st Dist.] Apr. 9, 2013, orig. proceeding) (mem. op.) ("the general rule stated by both this Court and our sister court in Houston [in *Moreno*] is that an interlocutory order granting a bill of review may not be reviewed by mandamus, but by appeal of the eventual final judgment in

the case"); *In re Spiller*, 303 S.W.3d 426, 430–31 (Tex. App.—Waco 2010, orig. proceeding) (same, agreeing with *Moreno*).

We therefore deny relator's petition for writ of mandamus.


PER CURIAM


Panel consists of Chief Justice Frost and Justices Wise and Hassan.