

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-25-00300-CV

**IN RE** Cortney **AUSTIN**

Original Mandamus Proceeding[1]

Opinion by:     Velia J. Meza, Justice

Sitting:         Irene Rios, Justice
                  Adrian A. Spears II, Justice
                  Velia J. Meza, Justice

Delivered and Filed: November 5, 2025

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

Relator, Cortney Austin, filed this petition for writ of mandamus on May 12, 2025, seeking relief from an order granting a bill of review. Austin contends that the trial court abused its discretion by vacating a default judgment[2] and moved for a stay of that order pending resolution of this proceeding. We granted the stay and requested a response. The real party in interest, Jacob See, filed a response, and Austin thereafter filed a reply. Because the bill of review should not have been granted, we conclude the trial court clearly abused its discretion and conditionally grant the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(c).

---

[1] This proceeding arises out of Cause No. 2024-CI-16670, styled *Jacob See v. Cortney Austin*, pending in the 438th Judicial District Court, Bexar County, Texas, the Honorable Cynthia Marie Chapa presiding.

[2] The default judgment challenged was originally entered by the Honorable David A. Canales, presiding in cause number 2023-CI-05626, styled *In the Matter of the Marriage of Courtney See and Jacob See, and in the Interest of H.D.S. and J.J.S., Children.*

**BACKGROUND**

This original proceeding arises from a divorce action combined with a suit affecting the parent-child relationship. On March 21, 2023, Cortney Austin filed for divorce from Jacob See and requested conservatorship of their two children. See, represented by counsel, filed an answer and counterpetition. Austin subsequently requested a December 4, 2023 trial setting and provided electronic notice of that setting to See's attorney.

At the trial setting, neither See nor his attorney appeared. In support of a default judgment, Austin's attorney described his unsuccessful efforts to contact See's attorney, Jillian Keller. He testified that in the weeks and months preceding the hearing, he repeatedly attempted to reach Keller by phone and email and again attempted contact on the morning of the hearing. Those efforts were unsuccessful. He further explained that his firm's case management system indicated Keller accessed the electronic hearing notice before the hearing.[3]

The trial court proceeded with a default hearing. Austin testified that See, a military police officer in the United States Air Force, had physically assaulted her, struck their children, and engaged in multiple extramarital affairs. She stated that the children would barricade themselves in their rooms because they were frightened when See drank, and that See consumed alcohol multiple times each week. According to Austin, See told her she could not report the abuse because "no one would believe" her over a police officer.

Austin also testified that See faced charges under the Uniform Code of Military Justice for domestic violence, child endangerment, and extramarital sexual conduct. She explained that in the

---

[3] Keller was ultimately disbarred for her conduct in representing multiple clients, including Jacob See, and ordered to pay restitution. *Disciplinary Actions: Jillian Nicole Keller [#24107828]*, 88 Tex. B.J. 398 (May 2025) (reporting disbarment by District 10 Grievance Committee).

court-martial proceedings, she and the children were designated victims and received updates through a "special victims counsel."

Following the hearing, the trial court granted a default judgment of divorce on the grounds of cruelty, adultery, and insupportability. The court appointed Austin sole managing conservator and See possessory conservator with supervised possession and access, ordered See to pay child support and spousal maintenance, adopted Austin's proposed property division, and granted her requests to change her and the children's last names. The court also awarded attorneys' fees to Austin. The judgment was signed on December 4, 2023.

See did not file any postjudgment motions. *See* TEX. R. CIV. P. 306a(4), 329b. Instead, on August 6, 2024, he filed a petition for bill of review. In that petition, See asserted that (1) he was deployed to Korea and had limited ability to communicate at the time of the divorce proceedings; (2) he remained on active duty at the time of filing the bill of review; (3) he had not communicated with his attorney since September 2023 and had filed a grievance against her with the State Bar of Texas; and (4) he received actual notice of the default judgment on January 17, 2024. As a meritorious defense, See contended that, had he been present at trial, the property division and conservatorship determinations would have been more equitable. The petition included copies of the default judgment and the default hearing transcript.

Although styled as a bill of review, the arguments before the trial court centered on the Servicemembers Civil Relief Act (SCRA), codified at 50 U.S.C. §§ 3901–4043, and particularly on the statutory requirements for a servicemember's affidavit and certificate of last known address.[4] Austin responded that deployment alone does not invoke the SCRA's protections and

---

[4] "The SCRA is the product of a long record of congressional concern for the domestic affairs of those in military service, and out of that concern, Congress has relieved servicemembers of many civil burdens while they serve on active duty, prohibiting, for example, default judgments, mortgage foreclosures, cancellations of life insurance

that See failed to satisfy the elements required for a bill of review. Her response attached a memorandum from the Department of the Air Force, dated March 8, 2024, confirming that See had been convicted by court-martial of child endangerment and assault consummated by battery on a family member or partner. *See* 10 U.S.C. §§ 919b, 928.

At the bill of review hearing, the trial court heard argument and took the matter under advisement. No witnesses were called and no evidence was admitted. On February 26, 2025, Judge Cynthia Marie Chapa signed an order granting the bill of review, vacating the default judgment, and reopening the underlying proceedings. Austin filed a motion for reconsideration on March 4, 2025, which the trial court denied on April 8, 2025. This petition for writ of mandamus followed.

## DISCUSSION

Mandamus is the proper remedy to correct an erroneously granted bill of review because no adequate remedy by appeal exists. *In re J.M., IV*, 373 S.W.3d 725, 728 (Tex. App.–San Antonio 2012, orig. proceeding). Mandamus relief is available only to correct a clear abuse of discretion. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court has no discretion in determining or applying the law to the facts. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

## 1    Bill of Review

"A bill of review is an equitable proceeding to set aside a judgment that is no longer appealable or subject to a motion for new trial." *Transworld Fin. Services Corp. v. Briscoe*, 722 S.W.2d 407, 407–08 (Tex. 1987). To successfully prevail on a bill of review the petitioner "must allege and prove: (1) a meritorious defense to the cause of action alleged to support the judgment, (2) which he was prevented from making by the fraud, accident or wrongful act of the opposite

---

contracts, and multiple taxations." *Espin v. Citibank, N.A.*, 126 F.4th 1010, 1015–16 (4th Cir. 2025) (quotation omitted).

party, (3) unmixed with any fault or negligence of his own."[5] *Alexander v. Hagedorn*, 226 S.W.2d 996, 998 (Tex. 1950).

Courts strictly apply these requirements because "it is fundamentally important in the administration of justice that some finality be accorded to judgments." *Alexander*, 226 S.W.2d at 998. We do not relax these requirements whenever it appears that an injustice has been done. *Crouch v. McGaw*, 138 S.W.2d 94, 96 (Tex. 1940) (bill of review requires "something more than injustice" to have been done).

### 1.1 The real party in interest failed to establish that the adverse judgment was unmixed with his own fault or negligence.

See admits he received actual notice of the default judgment on January 17, 2024, by email from Austin's counsel. This notice occurred more than twenty but fewer than ninety days after the judgment was signed. Under these circumstances, See had thirty days from the date of notice to file a motion for new trial or a motion to set aside the judgment. *See* TEX. R. CIV. P. 306a(4), 329b; *see also Levit v. Adams*, 850 S.W.2d 469, 469–70 (Tex. 1993) (per curiam).

See's failure to invoke Rule 306a to extend the deadline for filing a motion for new trial demonstrates a lack of due diligence and constitutes negligence fatal to his bill of review. *In re Tex. Real Estate Comm'n*, No. 04-17-00379-CV, 2018 WL 521576, at *5 (Tex. App.—San Antonio Jan. 24, 2018, orig. proceeding) (mem. op.); *see also Smalling v. Smalling*, No. 01-97-00246-CV, 1998 WL 394349, at *2 (Tex. App.—Houston [1st Dist.] July 16, 1998, no pet.) (mem.

---

[5] Neither party argued here or in the trial court that the standard for setting aside default judgments under *Craddock v. Sunshine Bus Lines, Inc.* is applicable. 133 S.W.2d 124, 216 (Tex. [Comm'n Op.] 1939). *Cf. In re RPH Capital Partners, LP*, No. 04–16–00424–CV, 2017 WL 2561562, at *2 (Tex. App.—San Antonio June 14, 2017, orig. proceeding) (mem. op.). We do not address the potential applicability of *Craddock* because issues not raised are waived for purposes of appellate review. *In re S.R.V.*, No. 04-17-00556-CV, 2018 WL 626533, at *3 (Tex. App.—San Antonio Jan. 31, 2018, no pet.) (mem. op.); *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (holding appellate court may use its discretion to find issues waived due to inadequate briefing).

op., not designated for publication) (holding that a petitioner who knew of the judgment within ninety days but failed to seek a new trial was precluded from relief by bill of review).

Although diligence does not require a party to continually monitor the docket or pursue a restricted appeal, it does require prompt action upon receiving notice of a judgment. The Supreme Court of Texas has emphasized that "it is hard to imagine any case in which failure to pursue [an available motion for new trial or motion to reinstate] would not be negligence." *Gold v. Gold*, 145 S.W.3d 212, 214 (Tex. 2004) (per curiam). Likewise, in *Mabon Ltd. v. Afri-Carib Enterprises, Inc.*, the court held that even a plaintiff seeking equitable relief by bill of review must show diligence in pursuing all available legal remedies and that lack of notice was not attributable to the plaintiff's own negligence. 369 S.W.3d 809, 813 (Tex. 2012) (per curiam). These authorities make clear that actual notice of a judgment triggers an affirmative duty to act diligently in seeking postjudgment relief.

The record supports two possible explanations for See's inaction: either he remained represented, and his attorney failed to act, or he was unrepresented and failed to act on his own behalf. If See's attorney was negligent or abandoned her representation, that circumstance is insufficient to support a bill of review. *Transworld Fin. Services Corp. v. Briscoe*, 722 S.W.2d 407, 408 (Tex. 1987). Alternatively, if See was no longer represented, his failure to pursue any available postjudgment remedies after receiving actual notice bars relief. A pro se litigant cannot obtain a bill of review where the failure to act results from neglect or ignorance of legal remedies. *Tex. Real Estate Comm'n*, 2018 WL 521576, at *5 (holding that ignorance of the law is not an excuse). Under either scenario, See was not entitled to bill-of-review relief.

We acknowledge that reinstating the default judgment may appear harsh. Nevertheless, courts must strictly apply the elements of a bill of review to preserve the finality of judgments. As this court has recognized, "while manifest injustice to the defaulting party is a material

consideration, another is the necessity for there being finality to judgments." *Id.* (quoting *Hanks v. Rosser,* 378 S.W.2d 31, 33 (Tex. 1964)). Because See failed to act within the period prescribed after obtaining actual notice of the default judgment, the trial court clearly abused its discretion by granting the bill of review.

## 2  Servicemembers Civil Relief Act

See's petition for bill of review may alternatively be construed as an application for relief under the SCRA. *See* TEX. R. CIV. P. 71.

Under that Act, a servicemember may file an application to vacate or set aside a default judgment rendered against them if (1) the servicemember was materially affected by reason of that military service in making a defense to the action; and (2) the servicemember has a meritorious or legal defense to the action or some part of it. 50 U.S.C. § 3931(g). Although this remedy is comparable in some respects to a bill of review, it constitutes a distinct statutory process governed by separate standards. *Hawkins v. Hawkins*, 999 S.W.2d 171, 176 & n.3 (Tex. App.—Austin 1999, no pet.); *see also Holda v. City of Waco*, No. 07-23-00341-CV, 2023 WL 8939230, at *3 (Tex. App.—Amarillo Dec. 27, 2023, no pet.) ("Through a bill of review or Section 3931(g), a party may petition the trial court to reopen a default judgment to defend the underlying action.")

Austin argues the SCRA does not apply because See made a general appearance by filing responsive pleadings and a counter-petition. We agree.

The Act extends its protection against default judgments to "any civil action or proceeding, including any child custody proceeding, in which the defendant does not make an appearance." 50 U.S.C. § 3931(a). Once a servicemember defendant receives actual notice of the action, the servicemember may request a stay of the proceedings under section 3932. *See id*. § 3931(f). However, "[a] servicemember who applies for a stay under [section 3932] and is unsuccessful may not seek the protection afforded by section 3931." *Id*. § 3932(e).

Other courts interpreting these provisions in cases involving post-answer default judgments have concluded that section 3931 does not apply once the defendant has appeared in a lawsuit. *See, e.g.*, *Masimula v. Masimula*, No. 08-24-00084-CV, 2025 WL 1387788, at *5 (Tex. App.—El Paso May 13, 2025, no pet.) (mem. op.) (holding section 3931 inapplicable where husband made a general appearance); *Fodge v. Trustmark Nat'l Bank*, 945 F.3d 880, 883 (5th Cir. 2019) (same, where defendants appeared by confessing judgment); *Vasquez v. Great Lakes Processing Servs., LLC*, No. 2:18-CV-194, 2020 WL 13413996, at *2 (S.D. Tex. Apr. 21, 2020) (same, where defendants opposed a default motion).

We hold that a defendant cannot invoke section 3931's protection against default judgments after making a general appearance. A general appearance occurs when a defendant (1) invokes the court's judgment on any question other than jurisdiction, (2) acts in a manner recognizing that the action is properly pending, or (3) seeks affirmative action from the court. *Exito Elecs. Co. v. Trejo*, 142 S.W.3d 302, 304 (Tex. 2004). Here, although See was deployed throughout the divorce proceedings, he retained counsel, filed an answer, and sought affirmative relief through a counterpetition for divorce. He did not request a stay under section 3932. By these actions, See made a general appearance in the case, rendering section 3931 inapplicable.

## CONCLUSION

See's failure to seek relief under Rule 306a to extend the trial court's plenary power and permit the filing of a motion for new trial prevents him from showing that the default judgment resulted from no fault or negligence of his own. He likewise was not entitled to relief under the Servicemembers Civil Relief Act. The trial court therefore erred in granting the bill of review.

Accordingly, we conditionally grant the petition for writ of mandamus and direct the trial court to (1) vacate its order granting the petition for bill of review and (2) reinstate the December

4, 2023 default judgment. The writ will issue only if the trial court fails to comply within fifteen days from the date of this opinion.[6]

Velia J. Meza, Justice

---

[6] The stay granted on May 27, 2025, is lifted.