## FURR'S SUPERMARKETS, INC., Relator,

### v.

### Honorable Virgil MULANAX, Judge Presiding, 346th District Court, El Paso County, Texas and Honorable Jose Baca, Judge, 346th District Court, El Paso County, Texas, Respondents.

No. 08-95-00083-CV.

Court of Appeals of Texas,
El Paso.

March 23, 1995.

Rehearing Overruled April 12, 1995.

Mark C. Walker, Mounce & Galatzan, El Paso, for relator.

James F. Scherr, Scherr & Lagate, P.C., El Paso, for respondents.

Before BARAJAS, C.J., and McCLURE and CHEW, JJ.

## OPINION ON MOTION FOR LEAVE TO FILE PETITION FOR WRIT OF MANDAMUS

CHEW, Justice.

Furr's Supermarkets, Inc., ("FSI") seeks mandamus relief from a trial court discovery order requiring FSI to produce certain documents. The trial court held a hearing on the discovery dispute on November 18, 1994. The record reflects that the trial court made an oral ruling on the dispute that day. The discovery order was not signed until February 17, 1995. The record does not reflect the reason for the delay in signing the order. The order required FSI to produce documents by March 17, 1995. The record does not reflect whether the trial court's oral ruling required production by March 17. On the afternoon of March 17, the day the documents were to be produced, FSI filed its Motion for Leave to File Petition for Writ of Mandamus seeking relief from the discovery order. We find that FSI's Motion for Leave is barred by laches. Accordingly, we deny FSI's Motion for Leave to File Petition for Writ of Mandamus.

### DISCUSSION

■ It is important to keep in mind that mandamus is an extraordinary remedy, not issued as a matter of right, but at the discretion of the court. *Rivercenter Associates v. Rivera*, 858 S.W.2d 366, 367 (Tex.1993). Although mandamus is a legal remedy, its issuance is largely controlled by equitable principles. *Id.* This Court has made mandamus available to correct a trial court error which negatively and substantially affects the rights of parties to litigate their cases, whether the particular party is seeking or resisting discovery. However, a long delay in filing a motion for leave to file a petition for writ of mandamus can result in the motion's being denied because of laches. *J.K. and Susie L. Wadley Research Institute and Blood Bank v. Whittington*, 843 S.W.2d 77, 83 (Tex. App.—Dallas 1992, orig. proceeding); *Bailey v. Baker*, 696 S.W.2d 255, 256 (Tex.App.—Houston [14th Dist.] 1985, orig. proceeding) (per curiam). In this case, FSI filed its motion on the day the documents were to be produced, four months after the oral ruling and one month after the order was signed. FSI offers no justification for the delay. On this record, we find none.

Accordingly, we deny FSI's Motion for Leave to File Petition for Writ of Mandamus.