**In re Floyd Eugene WISE.**

**No. 10–00–194–CR.**

Court of Appeals of Texas, Waco.

July 12, 2000.

Floyd Eugene Wise, Beeville, pro se.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

**O P I N I O N**

PER CURIAM.

Floyd Eugene Wise seeks a writ of mandamus from this Court directing Respondent, the Honorable George Allen, Judge of the 54th Judicial District Court of McLennan County, to provide Wise a free copy of the record of his murder trial to assist him in the preparation of a post-conviction application for writ of habeas corpus. This Court affirmed Wise's murder conviction in an unpublished opinion dated July 17, 1996. The Court of Criminal Appeals refused Wise's petition for discretionary review on January 22, 1997.

Wise filed two motions with Respondent in 1998 requesting respectively that Respondent provide a free copy of the trial record directly to Wise or that Respondent provide a copy of the record for Wise to review via the intra-loan program of the law library at his prison unit. Respondent denied both motions. Wise filed this petition for mandamus on June 5, 2000, more than two years after Respondent denied his motions.

Equitable principles govern the issuance of mandamus relief. *See Smith v. Flack,* 728 S.W.2d 784, 792 (Tex.Crim.App.

1987) (orig.proceeding); *accord Rivercenter Assocs. v. Rivera,* 858 S.W.2d 366, 367 (Tex.1993) (orig.proceeding); *Callahan v. Giles,* 137 Tex. 571, 575, 155 S.W.2d 793, 795 (1941) (orig.proceeding). Thus, a petition for mandamus may be denied under the equitable doctrine of laches if the relator has failed to diligently pursue the relief sought. *Rivercenter Assocs.,* 858 S.W.2d at 367; *Callahan,* 137 Tex. at 575–76, 155 S.W.2d at 795–96.[1]

■ More than two years have passed since Respondent denied Wise's motions

for a free record. Wise offers no explanation for his delay in seeking mandamus relief. Accordingly, we conclude that his petition is barred by laches. *See Callahan,* 137 Tex. at 576, 155 S.W.2d at 796; *see also Rivercenter Assocs.,* 858 S.W.2d at 367.

1. The Court of Criminal Appeals frequently looks to the decisions of the Supreme Court for guidance in mandamus matters. *See, e.g., State ex rel. Hill v. Pirtle,* 887 S.W.2d 921, 926 (Tex.Crim.App.1994) (orig.proceeding) (citing *Callahan v. Giles,* 137 Tex. 571, 575, 155 S.W.2d 793, 795 (1941) (orig.proceeding)); *Smith v. Flack,* 728 S.W.2d 784, 792 (Tex. Crim.App.1987) (orig.proceeding) (citing *Callahan,* 137 Tex. at 575, 155 S.W.2d at 795).