6-96-028-CV Long Trusts v. Dowd 













In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00049-CV


______________________________





IN RE: LINDA JO SPIVEY AND JAMES GLEN SPIVEY








 


Original Mandamus Proceeding







 
 



Before Cornelius, C.J., Grant and Ross, JJ.

Opinion by Chief Justice Cornelius



O P I N I O N


 Relators, Linda Jo Spivey and James Glen Spivey, seek a writ of mandamus against
Respondent, the Honorable John F. Miller, Jr., District Judge, instructing him to withdraw orders
rendered in Bowie County District Court Cause No. D-102-CV-94-1782, Linda Jo Spivey and James
Glen Spivey v. Joseph D. James, D.D.S., P.C., which ordered any expert testimony by Dr. Laurence
Rosenfield to be struck

.

 The underlying cause has been before us twice. Spivey v. James, 1 S.W.3d 380 (Tex.
App.-Texarkana 1999, pet. denied). As we stated in our opinion in the second appeal, "[t]his is the
second time this case has been before this Court. We reversed summary judgment taken against the
Spiveys and remanded the cause for trial." Id. at 381. That opinion sets forth the necessary facts and
procedural posture of this case:

 The Spiveys originally claimed negligent dental treatment by Dr. James L. Looney
and Dr. Joseph James caused a variety of injuries to Linda's jaw and mouth area. 

 

 The evidence shows that Linda consulted Looney about a toothache. Looney
determined that Linda needed a root canal. While performing the root canal, Looney
injected sargenti paste (a form of formaldehyde) into the nerve canal of the affected
tooth. There was a leak from the canal which resulted in permanent deadening of the
nerves in Linda's jaw and face. Their claim against Looney was settled by settlement.


 In an effort to correct the problem, Linda visited Dr. James for removal of the
sargenti paste. The Spiveys alleged that while performing the surgery, James
negligently and improperly inserted a device called a bite block into Linda's mouth,
stretching her jaw muscles and joints out of place. The Spiveys alleged that the
treatment caused injury to Linda's temporomandibular joint (TMJ). 


 The case went to trial before the court on March 31, 1998. Dr. James obtained a
gatekeeper  hearing  in  connection  with  the  Spiveys'  proposed  expert  witnesses: 
Dr. Jerry L. Mathis and Dr. Michael Joseph Neeley. In parallel orders, the trial court
specifically found that the defendant's objections to the qualifications of Mathis and
Neeley were meritorious and that the two doctors were not qualified to offer expert
testimony against the defendant.

 

Id. at 381-82. 

 The trial court rendered a take-nothing judgment in favor of Dr. James. In our decision, we
determined that, while the trial court correctly refused to permit Dr. Mathis to testify as an expert, 
it erroneously refused to permit Dr. Neeley's expert testimony for the plaintiffs, and that the
exclusion of Dr. Neeley's testimony was harmful error. We reversed the judgment of the trial court
and remanded the cause for trial. Id. at 385. 

 In this proceeding, the Spiveys seek relief from two orders issued by the district court. In
response to a motion to compel filed by Dr. James on December 2, 1997, the court ordered the
Spiveys to provide to the defendant a written report and curriculum vitae from Dr. Rosenfield no
later than fifteen days following the issuance of the orders. The orders further provided that if the
defendant did not receive the report within the prescribed deadline, Dr. Rosenfield would be
prohibited from offering trial testimony, by deposition or by affidavit, in support of any motion or
pleading. On December 15, 2000, in response to a motion filed by Dr. James, the trial court issued
an order striking Dr. Rosenfield's testimony because the Spiveys failed to produce the written report
ordered on December 2, 1997. 

 In their petition for writ of mandamus, the Spiveys contend that: 1) the trial court abused its
discretion  in  issuing  the  December  2,  1997,  order  because  they  had  no  notice  of  the  hearing
on Dr. James' motion and were thus denied due process; 2) the trial court abused its discretion in
issuing the December 2, 1997, order because Dr. James' lawyers already had in their possession
medical records forwarded to them by Dr. Rosenfield; and 3) the trial court abused its discretion by
imposing on the Spiveys the harsh sanction of striking Dr. Rosenfield's testimony.

 A writ of mandamus may not properly issue where the relator has a clear and adequate
remedy at law, such as by normal appeal. Mandamus is an extraordinary remedy available only in
limited circumstances and in situations involving manifest and urgent necessity. Walker v. Packer,
827 S.W.2d 833, 840 (Tex. 1992). Mandamus is not a matter of right, but is granted only in the
court's discretion. Although not an equitable remedy, its issuance is governed by equitable
principles. Rivercenter Assocs. v. Rivera, 858 S.W.2d 366, 367 (Tex. 1993); In re Little, 998 S.W.2d
287, 289-90 (Tex. App.-Houston [1st Dist.] 1999, orig. proceeding). One such principle is that
equity aids the diligent and not those who sleep on their rights. Rivercenter Assocs. v. Rivera, 858
at 367.

 In this case, the original order of the trial court to produce the written report of Dr. Rosenfield
within fifteen days was issued on December 2, 1997. As noted above, a trial of this cause was held
in March of 1998, and the Spiveys appealed to this Court from a take-nothing judgment. Our
opinion in that appeal, which pertained to disputes over qualifications of expert witnesses offered
by the Spiveys, was issued on September 8, 1999. On June 23, 2000, the Spiveys, not the defendant,
took Dr. Rosenfield's deposition. Before commencing the testimony, counsel for Dr. James objected
to the admission of any testimony by Dr. Rosenfield at trial, pursuant to the December 2, 1997,
order. Dr. James' motion to strike the testimony was sustained by the trial court on December 15,
2000. 

 The Spiveys made no objection, motion to reconsider, or other attempt to persuade the trial
court to change or modify its order, or as they now contend on appeal, to rule that they had complied
with the court's order by supplying defense counsel with copies of Dr. Rosenfield's medical records
pertaining to his examination of Linda Jo Spivey. This case has been submitted to the trial court
twice, once on motion for summary judgment and once in a bench trial. On neither occasion did the
Spiveys complain of the order requiring them to submit a report by Dr. Rosenfield. On neither prior
appearance in this Court did the Spiveys allege error on the part of the trial court in issuing its
December 1997 order. Approximately four and one-half years have passed since the issuance of that
order. Approximately sixteen months have passed since the order striking Dr. Rosenfield's
testimony, and the Spiveys have made no attempt in the trial court or in this Court to overturn it.
Waiting almost five years after the order, and after trial on the merits has been held and appealed,
is an extreme example of delay. 

 We find support for our conclusion in the caselaw. In Furr's Supermarkets, Inc. v. Mulanax,
897 S.W.2d 442 (Tex. App.-El Paso 1995, orig. proceeding), the trial court held a hearing on a
discovery dispute on November 18, 1994, and made an oral ruling that day; a discovery order was
signed January 17, 1995, requiring production by March 17, 1995. Relator in that case filed its
petition for writ of mandamus on March 17, 1995, seeking to set aside the discovery production
order. In denying relief, the El Paso Court of Appeals held that "long delay" in filing the petition for
writ of mandamus, without a showing of any justification for it, resulted in the denial of the petition
because of laches. Id. at 443. In In re Little, the court of appeals denied relators' petition for writ
of mandamus on grounds of laches because they waited six months from the date the trial court
issued its letter ruling on the disputed order, five months from the date of the actual signing of the
order, and almost three months from the date they concede they were actually aware of the order,
before filing their petition. In re Little, 998 S.W.2d at 290; see also In re Wise, 20 S.W.3d 894 (Tex.
App.-Waco 2000, orig. proceeding); In re Xeller, 6 S.W.3d 618 (Tex. App.-Houston [14th Dist.]
1999, orig. proceeding); Int'l Awards v. Medina, 900 S.W.2d 934 (Tex. App.-Amarillo 1995, orig.
proceeding).

 Relators contend they have legitimate excuses for much of their delay. In January 2001, they
moved to recuse Judge Miller for bias against them, but were unsuccessful, and in February 2001,
Linda Jo Spivey suffered a heart attack, and as a result, the trial setting was postponed and reset for
September  2002.  They  argue  that  since  the  trial  had  been  abated  and  is  now  abated  until
September 2002, Dr. James has suffered no prejudice because of the delay. Prejudice to the opposite
party is usually a requirement for a finding of laches, but the facts pointed to by the Spiveys here do
not show a lack of prejudice to Dr. James. There was much more delay by the Spiveys in
challenging the court's order than the period from January 1, 2001 to the present. For example, the
Spiveys offer no justification for their delay in challenging the 1997 court order from that time until
January 2001.

 For the reasons stated, we deny the petition for writ of mandamus.


 William J. Cornelius

 Chief Justice


Date Submitted: May 15, 2002

Date Decided: May 15, 2002


Do Not Publish