COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

 

                                                                              )

                                                                              )

                                                                              )              No.  08-03-00295-CV

                                                                              )

IN RE:  TEMPLETON SOUTHWEST                 )     AN
ORIGINAL PROCEEDING

INSURANCE AGENCY, INC.                            )

                                                                              )                
IN MANDAMUS

                                                                              )

                                                                              )

 

 

MEMORANDUM  OPINION
ON WRIT OF MANDAMUS

 

This is an
original proceeding in mandamus. 
Templeton Southwest Insurance Agency, Inc. (ATempleton@) seeks a writ of mandamus requiring
the Honorable William E. Moody, Judge of the 34th District Court, to set aside
an order denying Templeton=s
plea in abatement, motion to reconsider a prior order denying a plea in abatement,
motion to transfer venue, and plea to the jurisdiction.  For the reasons stated below, we deny relief.

STANDARD OF REVIEW

Mandamus will lie
only to correct a clear abuse of discretion. 
Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992)(orig. proceeding). 
Moreover, there must be no other adequate remedy at law.  Id. 
The decision to issue the writ is governed by equitable principles.  Rivercenter
Associates v. Rivera, 858 S.W.2d 366, 367 (Tex. 1993).

 








1.  Clear abuse of discretion

An appellate court
rarely interferes with a trial court's exercise of discretion.  A clear abuse of discretion warranting
correction by mandamus occurs when a court issues a decision which is without
basis or guiding principles of law.  See
Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985)(orig. proceeding). 
With respect to resolution of factual issues or matters committed to the
trial court=s
discretion, the reviewing court may not substitute its judgment for that of the
trial court.  Walker, 827 S.W.2d at 839-40. 
The relator must therefore establish that the
trial court could reasonably have reached only one decision.  Id. at 840.  Even if the reviewing court would have
decided the issue differently, it cannot disturb the trial court=s decision unless it is shown to be
arbitrary and unreasonable.  Id.  With respect to a trial court=s determination of the legal principles
controlling its ruling, the standard is much less deferential.  A trial court has no Adiscretion@ in determining what the law is or
applying the law to the facts.  Thus, a
clear failure by the trial court to analyze or apply the law correctly will
constitute an abuse of discretion, and may result in appellate reversal by
extraordinary writ.  Walker, 827 S.W.2d at 840.

2.  No adequate remedy by appeal








An appellate court
will deny mandamus relief if another remedy, usually appeal, is available and
adequate.  Street v.
Second Court of Appeals, 715 S.W.2d 638, 639-40 (Tex. 1986)(orig. proceeding). 
Mandamus will not issue where there is Aa
clear and adequate remedy at law, such as a normal appeal.@ 
Walker, 827 S.W.2d at 840, quoting State v.
Walker, 679 S.W.2d 484, 485 (Tex. 1984).  Mandamus is intended to be an extraordinary
remedy, available only in limited circumstances.  The writ will issue Aonly
in situations involving manifest and urgent necessity and not for grievances
that may be addressed by other remedies.@  Holloway v. Fifth Court of Appeals,
767 S.W.2d 680, 684 (Tex. 1989), quoting James Sales, Original
Jurisdiction of the Supreme Court and the Courts of Civil Appeals of Texas, in
Appellate Procedure in Texas, '
1.4(1)(b) at 47 (2d Ed. 1979).

3.  Equitable Principles

Mandamus is an
extraordinary remedy, not issued as a matter of right, but at the discretion of
the court.  Rivercenter
Associates, 858 S.W.2d at 367.  Although mandamus is not an equitable remedy,
its issuance is largely controlled by equitable principles.  Id. One such principle is that A>[e]quity aids the diligent and not those who slumber on their
rights.=@ Id.  Delay alone provides ample ground to deny
mandamus relief.  See Rivercenter Associates, 858 S.W.2d at 367‑68 (relator waited four months to seek mandamus relief from
demand for jury trial); In re Xeller, 6 S.W.3d
618, 624 (Tex.App.--Houston [14th Dist.] 1999, orig.
proceeding)(relator delayed sixteen months before
seeking relief from appointment of master); see also International Awards,
Inc. v. Medina, 900 S.W.2d 934, 935‑36 (Tex.App.‑‑Amarillo
1995, orig. proceeding)(relator sought mandamus
relief on the day documents were due and four months after the court=s oral discovery ruling); Furr=s
Supermarkets, Inc. v. Mulanax, 897 S.W.2d 442,
443 (Tex.App.‑‑El Paso 1995, orig.
proceeding)(relator sought mandamus relief from
severance order four months after severance and six days before trial on
severed claim); Bailey v. Baker, 696 S.W.2d 255, 256 (Tex.App.‑‑Houston [14th Dist.] 1985, orig.
proceeding)(relator sought mandamus relief from
discovery order four months after order and two weeks before trial).

APPLICATION OF THE LAW TO THE FACTS BEFORE THE
COURT








One of the orders
challenged by Templeton is a denial of its plea in abatement and motion to
dismiss signed on July 27, 2001.  The
mandamus petition does not reflect why Templeton delayed almost two years
before seeking mandamus relief.  Even if
Templeton provided an explanation for its delay, the record before us does not
reflect that Judge Moody clearly abused his discretion or that mandamus relief
is appropriate.  Accordingly, we deny the
relief requested in the petition for mandamus.

 

 

 

July
25, 2003

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 3

Barajas, C.J., Larsen, and Chew, JJ.