**Opinion filed July 8, 2010**



In The

# Eleventh Court of Appeals

_____

## No. 11-10-00172-CR

_____

## IN RE STATE OF TEXAS

---

### Original Mandamus Proceeding

---

## O P I N I O N

Relator, the State of Texas, seeks a writ of mandamus compelling respondent, Hon. Robin Malone Darr, Judge of the 385th District Court of Midland County, to vacate her "Order on Defendant's Motion to Interview Child." Respondent entered the order on January 20, 2010, in Cause No. CR36352, styled *State of Texas v. Justin Miller*.[1] In Cause No. CR36352, Miller has been indicted for the offense of aggravated sexual assault of a minor who was younger than thirteen years old at the time of the alleged offense. Miller's attorney filed a motion to interview the child. Following a hearing on the motion, respondent entered her order allowing an interview of the child as follows:

> **IT IS THE ORDER OF THE COURT** that the counsel for defense may propound written interrogatories that shall be presented to the child by the same neutral individual who made the initial inquiries, if possible. The questions shall be propounded to the child at the Children's Advocacy Center and recorded under the same or similar circumstances as was used in the previous interview of the

---

[1]The order was filed on January 21, 2010.

child. Counsel for Defense may watch and listen to the interview by close circuit television and may propound additional questions through the neutral interviewer after the written interrogatories are addressed and answered. The entire questioning and answering of defense questions shall be limited to one hour. The one hour time limit will not include introductory questions and conversation initiated by the interviewer. The one hour time limit will begin when the interviewer begins asking the submitted interrogatories.

Respondent also provided in her order that the State could watch the interview by close circuit television and propound questions after defense counsel's questions had been answered.

On June 30, 2010, the State filed its petition for writ of mandamus in this court. The State asserts in its petition that respondent abused her discretion in entering the January 20, 2010 order. Although mandamus is not an equitable remedy, its issuance is largely controlled by equitable principles. *Smith v. Flack*, 728 S.W.2d 784, 792 (Tex. Crim. App. 1987); *see Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993); *Callahan v. Giles*, 155 S.W.2d 793, 795 (Tex. 1941).[2] One such principle is that "[e]quity aids the diligent and not those who slumber on their rights." *Rivercenter*, 858 S.W.2d at 367 (quoting *Callahan*, 155 S.W.2d at 795). Therefore, mandamus relief may be denied to a party for lack of diligence. *In re Users Sys. Servs., Inc.*, 22 S.W.3d 331, 337 (Tex. 1999) (orig. proceeding); *Rivercenter*, 858 S.W.2d at 367; *In re Wise*, 20 S.W.3d 894, 895 (Tex. App.—Waco 2000, orig. proceeding). When the record does not reveal a justification for the delay in filing a petition for writ of mandamus, a court may appropriately deny mandamus relief. *Rivercenter*, 858 S.W.2d at 367; *see also In re Xeller*, 6 S.W.3d 618, 624 (Tex. App.—Houston [14th Dist.] 1999, orig. proceeding) (delay alone provides ample ground to deny mandamus relief).

In this case, the State did not file its petition for writ of mandamus until more than five months after respondent entered her order. The record does not reveal a justification for the State's unexplained lengthy delay in seeking mandamus relief. By waiting more than five months to request mandamus relief, the State has not diligently pursued its complaint to respondent's order. *See Rivercenter*, 858 S.W.2d at 367; *In re Xeller*, 6 S.W.3d at 624. Therefore, we deny mandamus relief to the State.

---

[2]The Texas Court of Criminal Appeals often looks to the Texas Supreme Court decisions for guidance in mandamus cases. *See, e.g., State ex rel. Hill v. Pirtle*, 887 S.W.2d 921, 926 (Tex. Crim. App. 1994, orig. proceeding) (citing *Callahan*); *Smith*, 728 S.W.2d at 792 (citing *Callahan*); *see also Perkins v. Court of Appeals for the Third Supreme Judicial Dist. of Tex., at Austin*, 738 S.W.2d 276, 285 (Tex. Crim. App. 1987) ("[W]e look to the Supreme Court of Texas for guidance in this area of the law.").

The State's petition for writ of mandamus is denied.

PER CURIAM

July 8, 2010

Publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of:  Wright, C.J.,
McCall, J., and Strange, J.