**Opinion issued March 7, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00879-CV

———————————

## IN RE COX VENTURES, INC. D/B/A MEDIA INK, Relator

---

**Original Proceeding on Petition for Writ of Mandamus**

---

## MEMORANDUM OPINION

By petition for writ of mandamus, relator, Cox Ventures, Inc. d/b/a Media Ink, seeks mandamus relief compelling the trial court to vacate its order granting Real Party in Interest, KNG L.L.C. d/b/a Texas Direct Bindery & Letterpress's

application to compel arbitration and motion to sever.[1] We deny Cox's petition for writ of mandamus.

## Background

On October 4, 2011, KNG sued Cox alleging claims based on a sworn account, breach of contract, quantum meruit, and unjust enrichment. Following the filing of its original answer, Cox asserted a counterclaim against KNG alleging breach of contract and conversion. KNG timely filed its answer.

KNG subsequently filed an application to compel arbitration of Cox's counterclaim and a motion to sever it from KNG's claims. Cox filed its response and a counter-motion to compel arbitration of all of the parties' claims. On April 9, 2012, the trial court signed an order granting KNG's application to compel arbitration of Cox's counterclaim and its motion to sever.

## Discussion

On September 28, 2012, Cox filed this petition for writ of mandamus. In its petition, Cox complains that the trial court abused its discretion by compelling arbitration of Cox's counterclaim and severing it from KNG's claims rather than compelling arbitration of all of the parties' claims.

---

[1] The underlying case is *KNG, L.L.C. d/b/a Texas Direct Bindery & Letterpress v. Cox Ventures, Inc. d/b/a Media Ink*, Cause No. 1002161, pending in County Civil Court at Law No. 1 of Harris County, Texas, the Honorable Debra Ibarra Mayfield, presiding.

Mandamus is an extraordinary remedy; it is not issued as a matter of right but rather at the discretion of the court. *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993). Mandamus relief is not an equitable remedy but its issuance is largely controlled by equitable principles. *Id.* One such principle is that "[e]quity aids the diligent and not those who slumber on their rights." *Id.* (quoting *Callahan v. Giles*, 155 S.W.3d 793 (1941)).

Here, Cox filed its petition for writ of mandamus nearly six months after the court signed its April 9 order.[2] Cox offers no justification for its delay in seeking mandamus relief and the record reveals none. Delay alone provides ample ground to deny mandamus relief. *See International Awards, Inc. v. Medina*, 900 S.W.2d 934, 936 (Tex. App.—Amarillo 1995, orig. proceeding) (finding four-month delay between court's severance order of counterclaim and relator's petition for writ of mandamus provided grounds to deny requested relief); *Furr's Supermarkets, Inc. v. Mulanax*, 897 S.W.2d 442, 443 (Tex. App.—El Paso 1995, orig. proceeding) (denying relator's motion for leave to file petition for writ of mandamus filed four months after court's oral discovery ruling and one month after written order was signed and where relator offered no explanation for delay); *Bailey v. Baker*, 696 S.W.2d 255, 256 (Tex. App.—Houston [14th Dist.] 1985, orig. proceeding)

---

[2] We note that the trial court has set this case for trial six times to date—four of these orders were signed after the trial court signed its April 9 order but before Cox filed its petition for writ of mandamus.

(denying motion for leave to file petition for writ of mandamus where relator waited nearly four months to file motion and provided no justification for delay). Accordingly, we deny Cox's petition for writ of mandamus and lift the stay entered on September 26, 2012.

**PER CURIAM**

Panel consists of Justices Keyes, Sharp, and Huddle.