**DENY; and Opinion Filed July 3, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00762-CV

### IN RE 165 HOWE, LP, ET AL., Relators

**Original Proceeding from the County Court at Law No. 1**
**Dallas County, Texas**
**Trial Court Cause No. CC-13-03144-A**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Fillmore, and Stoddart
Opinion by Justice Fillmore

Before the Court is relators' July 3, 2018 Petition for Writ of Mandamus in which they complain of the trial court's June 4, 2018 discovery order compelling relators to comply by July 4, 2018. To be entitled to mandamus relief, relators must show both that the trial court has clearly abused its discretion and that relators have no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

Based on the record before us, we conclude relators have not shown they are entitled to the relief requested. Further, relators do not explain why they have waited to the eve of the compliance deadline to seek a stay and to seek extraordinary relief. Accordingly, we deny relators' petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought); *see also In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 676 (Tex. 2009) (per curiam) (orig. proceeding) ("[D]elaying the filing of a petition for mandamus relief may waive the right to mandamus unless the relator can justify the delay.");

*In re Boehme*, 256 S.W.3d 878, 887 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding) ("delay alone can provide ample ground to deny mandamus relief."); *Furr's Supermarkets, Inc. v. Mulanax*, 897 S.W.2d 442, 443 (Tex. App.—El Paso 1995, orig. proceeding) (relator sought mandamus relief on the day documents were due and four months after court's oral discovery ruling).

/Robert M. Fillmore/

ROBERT M. FILLMORE
JUSTICE

180762F.P05