

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00427-CV

IN RE Gustavo **GARCIA-SILLER**, Archbishop of the Archdiocese of San Antonio, and Acting on Behalf of the Archdiocese of San Antonio, and Anita Valencia, as Independent Administrator of the Estate of Virgilio Elizondo

Original Mandamus Proceeding[1]

Opinion by:    Beth Watkins, Justice

Sitting:    Rebeca C. Martinez, Justice
            Beth Watkins, Justice
            Liza A. Rodriguez, Justice

Delivered and Filed: September 23, 2020

PETITION FOR WRIT OF MANDAMUS DENIED

Relators Gustavo Garcia-Siller, Archbishop of the Archdiocese of San Antonio, and Acting

on Behalf of the Archdiocese of San Antonio, and Anita Valencia, as Independent Administrator

of the Estate of Virgilio Elizondo, filed a petition for writ of mandamus and motion requesting

emergency relief seeking to stay a trial court's order compelling the production of certain

documents. In their petition, relators alleged the trial court abused its discretion because the

documents, which were produced to the trial court in camera, were privileged. The record shows

---

[1] This proceeding arises out of Cause No. 2015-CI-08589, styled *John Doe v. Roman Catholic Archdiocese of San Antonio, by and through the Apostolic Administrator and Archbishop Gustavo Garcia-Siller and Archbishop Emeritus Patrick Flores, their predecessors and successors, as Archbishop of the Roman Catholic Archdiocese of San Antonio, Father Jesus Armando Dominguez, the Estate of Father Virgilio Elizondo, Deceased; Bishop Gerald R. Barnes, his predecessors and successors, as Bishop of the Diocese of San Bernardino, in its assumed or common name; the Roman Catholic Bishop of San Bernardino, a Corporate sole aka Diocese of San Bernardino*, pending in the 131st Judicial District Court, Bexar County, Texas, the Honorable Karen H. Pozza presiding.

the trial court signed the challenged order on August 4, 2020, and the order required the production of the documents by August 31, 2020.  However, relators did not file their mandamus petition and motion for temporary emergency relief until August 31, 2020.  They did not submit the documents they produced to the trial court in camera until the following day.

Mandamus is an extraordinary remedy largely governed by equitable principles.  *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding).  Relators offer no explanation in either their petition or motion for emergency relief explaining why they failed to seek mandamus relief until their deadline to produce the disputed documents.  *See id.*; *Furr's Supermarkets, Inc. v. Mulanax*, 897 S.W.2d 442, 443 (Tex. App.—El Paso 1995, orig. proceeding) (denying mandamus relief when relator waited until the day documents were ordered to be produced, one month after the order compelling production was signed, with no explanation for delay).  Accordingly, we deny relators' petition.

Beth Watkins, Justice