**DENY and Opinion Filed July 30, 2021**



**In The**

**Court of Appeals**
**Fifth District of Texas at Dallas**

No. 05-21-00650-CV

**IN RE WAGES & WHITE LION INVESTMENTS, LLC D/B/A TRITON DISTRIBUTION, SB PREMIUM, LLC D/B/A SUICIDE BUNNY, TIFFANY GRESHAM AND LARRY GRESHAM, Relators**

**Original Proceeding from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-00359-C**

## MEMORANDUM OPINION

Before Justice Molberg, Justice Reichek, and Justice Smith
Opinion by Justice Molberg

In this original proceeding, relators challenge the trial court's March 8, 2021 ruling denying their motion to strike the opposing party's amended petition. A writ of mandamus issues to correct a clear abuse of discretion when no adequate remedy by appeal exists. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Although mandamus is not an equitable remedy, its issuance is largely controlled by equitable principles. *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding). One such principle is that "equity aids the diligent and not those who slumber on their rights." *Id.* (internal brackets and quotation marks omitted).

An unexplained delay of four months or more can constitute laches and result in denial of mandamus relief. *See Rivera*, 858 S.W.2d at 366 (unexplained delay of more than four months); *Int'l Awards, Inc. v. Medina*, 900 S.W.2d 934, 936 (Tex. App.—Amarillo 1995, orig. proceeding) (unexplained delay of more than four months and waited until eve of trial); *Furr's Supermarkets, Inc. v. Mulanax*, 897 S.W.2d 442, 443 (Tex. App.—El Paso 1995, no writ) (unexplained four-month delay in challenging discovery orders); *Bailey v. Baker*, 696 S.W.2d 255, 256 (Tex. App.—Houston [14th Dist.] 1985, orig. proceeding) (unexplained four-month delay and filed two weeks before trial).

Here, relators did not file the petition for writ of mandamus until July 28, 2021—more than four and a half months from the challenged oral ruling and three months after the trial court signed the complained-of order. We conclude that relators' unexplained delay bars their right to mandamus relief. *See Furr's Supermarkets*, 897 S.W.2d at 443. Accordingly, we deny the petition for writ of mandamus.

Having denied mandamus relief, we also deny relators' July 28, 2021 motion for temporary relief and stay as moot.

/Ken Molberg/
KEN MOLBERG
JUSTICE

210650F.P05