

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| In re: | § | No. 08-20-00246-CV |
|  | § |  |
| ROGELIO MARQUEZ, | § | AN ORIGINAL PROCEEDING |
|  | § |  |
| Relator. | § | IN MANDAMUS |
|  | § |  |

## **O P I N I O N**

Relator Rogelio Marquez filed a petition for writ of mandamus on December 31, 2020, complaining of two orders holding him in contempt of court for failure to pay $21,500 in attorney fees awarded as child support.[1] The first contempt order that Marquez complains of was entered in 2016 (54 months before Marquez filed his mandamus petition) and the second contempt order was entered in January 2019 (23 months before the mandamus petition). Moreover, although Marquez attempts to frame his petition as a challenge to the two contempt orders, it is clear from his arguments that his real complaints go back to the original attorney fee award from which the contempt orders arose, and that award was made in 2007.

This Court previously granted Marquez's motion for a temporary stay, preventing enforcement of the contempt orders pending disposition of this original proceeding. Finding that

---

[1] Respondent is the Honorable Hon. Yahara Lisa Gutierrez, Judge of the 65th District Court for El Paso County, Texas.

1

Marquez's challenge is not timely and his mandamus petition is barred by laches, we deny the petition and lift the stay.

## I. BACKGROUND

The twists and turns of this contentious divorce are well known to this Court, and most recently recounted in *In re A.S.M.*, No. 08-19-00212-CV, 2021 WL ___, at *1 (Tex.App.--El Paso July, 28, 2021, no pet. h.) (mem. op.) (affirming judgment dismissing child-support arrearage suit as modified).[2] Relevant to this proceeding, Marquez and his ex-wife, Maria Esther Cardenas, were divorced in October 2004. In March 2005, Cardenas filed a petition seeking modification of conservatorship based on family violence, neglect, and risk of international abduction. In February 2007, Cardenas filed an amended petition, which sought increased child support, retroactive child support, and attorney fees and costs.

The court heard that modification petition on February 14, 2007, and in addition to several other rulings, it awarded Cardenas' counsel $21,500 in attorney fees. The written order states that the $21,500 award for "attorney's fees, expenses and costs" was "in the nature of child support" and therefore constituted an additional child support obligation. Marquez's then attorney signed off on the order indicating his approval as to form.

Marquez made no payments toward the $21,500 attorney fee award. In 2015, Cardenas' counsel filed a "Motion for Enforcement of Attorney's Fees as Additional Child Support and Order

---

[2] *See also Marquez v. Cardenas*, No. 08-06-00328-CV, 2007 WL 475477, at *1 (Tex.App.--El Paso Feb. 15, 2007, no pet.) (mem. op.) (dismissing Marquez's appeal of a default order for want of jurisdiction where there was no resulting appealable order); *In re A.S.M.*, No. 08-07-00065-CV, 2007 WL 1953015, at *1 (Tex.App.--El Paso July 5, 2007, no pet.) (mem. op.) (dismissing for want of prosecution Marquez's appeal); *In re A.M.*, 351 S.W.3d 395, 396 (Tex.App.--El Paso 2011, no pet.) (affirming the trial court's denial of Marquez's bill of review seeking to set aside an order of February 14, 2007); *Marquez v. Marquez*, No. 08-12-00116-CV, 2012 WL 3100781, at *1 (Tex.App.--El Paso July 31, 2012, no pet.) (mem op.) (dismissing Marquez's appeal for want of prosecution); *In Interest of A.S.M.*, No. 08-16-00230, 2016 WL 6304535, at *1 (Tex.App.--El Paso Oct. 27, 2016, no pet.) (mem. op.) (dismissing for want of jurisdiction Marquez's appeal of a 2016 order finding him in criminal contempt for failure to comply with a child support order).

to Appear." In Marquez's response to the motion, he contended that the attorney fee obligation was discharged by his 2008 bankruptcy because it was not actually a child support obligation.

On May 13, 2016, Marquez also filed a motion for judgment *nunc pro tunc*, claiming that the language in the 2007 order characterizing the attorney fees as additional child support constituted a clerical error, on grounds that the judge did not mention it as part of his oral ruling at the hearing. Although there is no order in the record before us, the transcript of the hearing on the motion for enforcement indicates that the *nunc pro tunc* motion was denied.

Cardenas' motion for enforcement was heard on May 20, 2016. The trial court entered a partially handwritten order on that motion on June 7, 2016, finding Marquez in contempt which was punishable by 90 days confinement. The court also ordered him to pay the original $21,500 and an additional $2,000 in attorney fees in installments as child support arrears. On January 30, 2019, the trial court entered another order holding Marquez in contempt. The new order, which was also based on the same 2016 hearing, is substantively the same as the June 2016 order.

Marquez filed a petition for writ of mandamus on December 31, 2020--54 months after entry of the 2016 contempt order and 23 months after entry of the 2019 contempt order. Marquez raises sixteen issues in his mandamus petition, including complaints that both contempt orders are void because they unconstitutionally seek to imprison him for a debt, because the debt was allegedly discharged by his 2008 bankruptcy, and that the 2019 order is void and/or an abuse of discretion because it was entered without an additional hearing and misidentifies the trial court that entered the original order.

## II. MANDAMUS STANDARD

Mandamus is an extraordinary remedy available only when a trial court clearly abuses its discretion. *In re Prudential Ins. Co. of America*, 148 S.W.3d 124, 135 (Tex. 2004) (orig.

3

proceeding). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302-03 (Tex. 2016) (orig. proceeding) (per curiam); *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). Mandamus relief is also appropriate when a trial court enters a void order. *In re Nationwide Insurance Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding).

There is no fixed deadline for seeking mandamus relief. *See CMH Homes v. Perez*, 340 S.W.3d 444, 453 (Tex. 2011). However, mandamus is an extraordinary remedy and not an absolute right. *See Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993). "Although mandamus is not an equitable remedy, its issuance is largely controlled by equitable principles." *Id*. "One such principle is that '[e]quity aids the diligent and not those who slumber on their rights.'" *Id*., *quoting Callahan v. Giles*, 155 S.W.2d 793, 795 (Tex. 1941). Accordingly, a court may properly deny mandamus relief when the record does not reveal a justification for the delay in filing a petition for writ of mandamus. *Rivercenter*, 858 S.W.2d at 367; *see also In re Users Sys. Servs., Inc.*, 22 S.W.3d 331, 337 (Tex. 1999) (noting that "[a] court need not afford mandamus relief to a dilatory party even if an opposing party does not assert lack of diligence as a ground for denying relief"). The Texas Supreme Court reaffirmed this principle in its most recent term. *In re Hotze*, No. 20-0739, 2020 WL 5919726, at *3 (Tex. Oct. 7, 2020) (noting the record failed to show that the relator acted diligently to protect his rights, such that relief by mandamus was not available).

## III. DISCUSSION

As noted above, Marquez did not file his mandamus petition until 54 months after entry of the 2016 contempt order and 23 months after the 2019 contempt order. Marquez has provided no

explanation for his delay, nor does the record indicate any justification. We conclude that Marquez has not been diligent, and that mandamus relief must be denied based on laches. *See Rivercenter*, 858 S.W.2d at 367-68 (mandamus denied based on laches when relator waited four months to seek relief from jury trial demand); *In re Webber, L.L.C.*, No. 05-20-00564-CV, 2020 WL 3496279, at *1 (Tex.App.--Dallas June 29, 2020, orig. proceeding) (mem. op.) ("unexplained delay of four months or more can constitute laches and result in denial of mandamus relief"); *In re Mire*, No. 08-13-00020-CV, 2013 WL 541957, at *1 (Tex.App.--El Paso Feb. 13, 2013, orig. proceeding) (mandamus denied based on laches when relator waited over seven months to seek relief from orders denying multiple motions); *In re Templeton Southwest Ins. Agency, Inc.*, No. 08-03-00295-CV, 2003 WL 21716579, at *2 (Tex.App.--El Paso July 25, 2003, orig. proceeding) (mem. op.) (denying mandamus relief, noting that petition did not reflect why relator delayed almost two years before seeking mandamus relief); *Furr's Supermarkets, Inc. v. Mulanax*, 897 S.W.2d 442, 443 (Tex.App.--El Paso 1995, orig. proceeding) (mandamus denied based on laches when realtor waited four months to seek relief from severance order); TEX.R.APP.P. 52.8(a).

Because we dispose of this mandamus proceeding on grounds of laches, we decline to address the substantive issues raised by Marquez in his petition.

## IV. CONCLUSION

We hold that Marquez's petition for writ of mandamus is barred by laches. Accordingly, we deny the relief requested in the petition. The stay order is lifted.

JEFF ALLEY, Justice

July 30, 2021

Before Palafox, J., Alley, J., and Marion, C.J. (Ret.)
Marion, C.J. (Ret.), sitting by assignment

5