**Deny Opinion Filed November 8, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00826-CV**

**IN RE WEATHERALL FAMILY FUNERAL SERVICES, LLC D/B/A ETERNAL REST FUNERAL HOME, Relator**

**Original Proceeding from the 298th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-15878**

**MEMORANDUM OPINION**
Before Justices Schenck, Nowell, and Garcia
Opinion by Justice Schenck

In this original proceeding, relator challenges the trial court's April 23, 2021 order striking relator's designation of a responsible third party. A writ of mandamus issues to correct a clear abuse of discretion when no adequate remedy by appeal exists. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Although mandamus is not an equitable remedy, its issuance is largely controlled by equitable principles. *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding). One such principle is that "equity

aids the diligent and not those who slumber on their rights." *Id.* (internal brackets and quotation marks omitted).

An unexplained delay of four months or more can constitute laches and result in denial of mandamus relief. *See Id.* at 366 (unexplained delay of more than four months); *Int'l Awards, Inc. v. Medina*, 900 S.W.2d 934, 936 (Tex. App.—Amarillo 1995, orig. proceeding) (unexplained delay of more than four months and waited until eve of trial); *Furr's Supermarkets, Inc. v. Mulanax*, 897 S.W.2d 442, 443 (Tex. App.—El Paso 1995, no writ) (unexplained four-month delay in challenging discovery orders); *Bailey v. Baker*, 696 S.W.2d 255, 256 (Tex. App.—Houston [14th Dist.] 1985, orig. proceeding) (unexplained four-month delay and filed two weeks before trial).

Here, relator did not file the petition for writ of mandamus until September 22, 2021—five months after the challenged order. We conclude that relator's unexplained delay bars their right to mandamus relief. *See Furr's Supermarkets*, 897 S.W.2d at 443.

Accordingly, we deny the petition for writ of mandamus. Having denied mandamus relief, we also deny relator's motion for stay as moot.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

210826F.P05