**DENY and Opinion Filed February 9, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-21-00219-CV

## IN RE TEKIN & ASSOCIATES, LLC, Relator

**Original Proceeding from the County Court at Law No. 2
Dallas County, Texas
Trial Court Cause No. CC-20-01986-B**

## MEMORANDUM OPINION

Before Justices Osborne, Pedersen, III, and Goldstein
Opinion by Justice Pedersen, III

Relator's petition for writ of mandamus challenges the trial court's August 31, 2020 order denying relator's Rule 91a motion to dismiss. *See* TEX. R. CIV. P. 91a. A writ of mandamus issues to correct a clear abuse of discretion when no adequate remedy by appeal exists. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Although mandamus is not an equitable remedy, its issuance is largely controlled by equitable principles. *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding). One such principle is that "equity aids the diligent and not those who slumber on their rights." *Id.* (internal brackets and quotation marks omitted). Thus, delaying the filing of a petition for mandamus relief

may waive the right to mandamus unless the relator can justify the delay. *In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 676 (Tex. 2009) (orig. proceeding).

Under prior holdings of this court and others, an unexplained delay of four months or more can constitute laches and result in denial of mandamus relief. *See Rivera*, 858 S.W.2d at 366 (unexplained delay of more than four months); *In re Wages & White Lion Investments*, No. 05-21-00650-CV, 2021 WL 3276875 (Tex. App.—Dallas, July 30, 2021, orig. proceeding) (mem. op.) (unexplained delay of over four months from oral ruling and three months from date order was signed); *Int'l Awards, Inc. v. Medina*, 900 S.W.2d 934, 936 (Tex. App.—Amarillo 1995, orig. proceeding) (unexplained delay of more than four months and waited until eve of trial); *Furr's Supermarkets, Inc. v. Mulanax*, 897 S.W.2d 442, 443 (Tex. App.—El Paso 1995, no writ) (unexplained four-month delay in challenging discovery orders).

Here, relator's April 6, 2021 petition for mandamus was filed seven months and six days after the trial court's August 31, 2020 order denying the motion to dismiss. We conclude that relator's unexplained delay bars his right to mandamus relief. Accordingly, we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

210219f.p05

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE

–2–