**DENY and Opinion Filed February 14, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-22-00082-CV

## IN RE ARLENE PEREZ-MERINO, Relator

**Original Proceeding from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-05597**

## MEMORANDUM OPINION
Before Justices Schenck, Reichek, and Carlyle
Opinion by Justice Reichek

Relator's petition for writ of mandamus challenges the trial court's April 16, 2021 discovery order and August 11, 2021 order denying relator's motion for reconsideration. A writ of mandamus issues to correct a clear abuse of discretion when no adequate remedy by appeal exists. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Although mandamus is not an equitable remedy, its issuance is largely controlled by equitable principles. *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding). One such principle is that "equity aids the diligent and not those who slumber on their rights." *Id.* (internal brackets and quotation marks omitted). Thus, delaying the filing of a petition for

mandamus relief may waive the right to mandamus unless the relator can justify the delay. *In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 676 (Tex. 2009) (orig. proceeding).

Under prior holdings of this court and others, an unexplained delay of four months or more can constitute laches and result in denial of mandamus relief. *See Rivera,* 858 S.W.2d at 366 (unexplained delay of more than four months); *In re Wages & White Lion Investments,* No. 05-21-00650-CV, 2021 WL 3276875 (Tex. App.—Dallas, July 30, 2021, orig. proceeding) (mem. op.) (unexplained delay of over four months from oral ruling and three months from date order was signed); *Int'l Awards, Inc. v. Medina*, 900 S.W.2d 934, 936 (Tex. App.—Amarillo 1995, orig. proceeding) (unexplained delay of more than four months and waited until eve of trial); *Furr's Supermarkets, Inc. v. Mulanax*, 897 S.W.2d 442, 443 (Tex. App.—El Paso 1995, no writ) (unexplained four-month delay in challenging discovery orders); *Bailey v. Baker*, 696 S.W.2d 255, 256 (Tex. App.—Houston [14th Dist.] 1985, orig. proceeding) (unexplained four-month delay and filed two weeks before trial).

Here, relator's January 31, 2022 petition for mandamus was filed five months and twenty days after the trial court's August 11, 2021 order denying the motion for reconsideration. We conclude that relator's unexplained delay bars her right to mandamus relief. Accordingly, we deny the petition for writ of mandamus. *See* Tex. R. App. P. 52.8(a).

Also before the Court is relator's January 28, 2022 motion for leave to file a petition for writ of mandamus under Texas Rule of Appellate Procedure 72.1. *See* TEX. R. APP. P. 72.1. We deny the motion because Rule 72.1, which applies to proceedings in the Texas Court of Criminal Appeals, does not apply here, and relator was not required to obtain leave to file this original proceeding under Texas Rule of Appellate Procedure 52.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

Schenck, J., dissenting without opinion.

220082F.P05