

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| IN RE: | § | No. 08-22-00086-CV |
| IN THE INTEREST OF J.A.L., | § | AN ORIGINAL PROCEEDING |
| a Child. | § | IN MANDAMUS |

## **O P I N I O N**

Relator Erika Garcia filed a petition for writ of mandamus on May 9, 2022, asking this Court to compel the Hon. Laura Strathmann, former trial judge of the 388th Judicial District Court for El Paso County, to issue findings of fact and conclusions of law germane to a ruling on temporary orders issued in a divorce case. Our record consists solely of the transcripts of four hearings, dated January 30, 2019, February 13, 2019, November 13, 2019, and November 14, 2019. At the conclusion of the November 14, 2019 hearing, the trial court made rulings on some aspect of the motion for temporary orders. Neither the written motion for temporary orders, nor the actual written order itself is included in our record. Relator's mandamus petition contends that the trial court issued temporary orders on February 21, 2019 (which are not part of our record). Relator claims that she made her first request for findings of fact and conclusions of law on February 27, 2019, (38 months before the mandamus petition), and the trial court judge responded that no such findings would be prepared because the case had not been finalized. That request is

not a part of our record.   Relator further maintains that on January 17, 2020, (27 months before the mandamus petition), she filed a second request via a notice of past due findings of fact and conclusions of law, which the trial court judge has failed to act upon.   That request is not part of our record.[1]

For the reasons stated below, we deny relief.

## MANDAMUS STANDARD

Mandamus is an extraordinary remedy available only when a relator can show that the trial court clearly abused its discretion, and no adequate appellate remedy exists.   *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam).   When seeking mandamus relief, the relator bears the burden of proving these two requirements.   *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).   To meet this burden, the relator must provide a record sufficient to establish the right to mandamus relief.   *Id*. at 837.

Mandamus is also intended to be an extraordinary remedy, available only in limited circumstances.   *Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993).   The writ will issue "only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies."   *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 684

---

[1] We take note that Judge Strathmann's term of office in that court ended on December 31, 2020, following a contested election with the seat now filled by the Hon. Marlene Gonzalez.   This mandamus complains solely of actions taken by Judge Strathmann, and seeks to have this Court mandamus her to issue findings of fact and conclusions of law.   "Asking a former judge to file findings is an extraordinary solution."   *Ad Villarai, LLC v. Chan Il Pak*, 519 S.W.3d 132, 142 (Tex. 2017).   "If a district or county judge's term of office expires . . . during the period prescribed for filing . . . findings of fact and conclusions of law, the judge may . . . file findings of fact and conclusions of law in the case."   TEX.CIV.PRAC. & REM.CODE § 30.002(a).   But as the *Chan Il Pak* court noted, "the judge's end of term must fall within the "prescribed" forty-day period to file findings."   519 S.W.3d at 142.   Otherwise, the judge "would no longer have authority to file findings once his term expired."   *Id*.   While none of the requests for findings of fact are part of our record, Relator's recitation in the mandamus petition of when the requests were made would not have met the terms of section 30.002(a) as explained by *Chan Il Pak*.

(Tex. 1989), *quoting* James Sales, *Original Jurisdiction of the Supreme Court and the Courts of Civil Appeals of Texas, in Appellate Procedure in Texas*, § 1.4(1)(b) at 47 (2d ed. 1979).

There is no fixed deadline for seeking mandamus relief. *See CMH Homes v. Perez*, 340 S.W.3d 444, 453 (Tex. 2011). However, mandamus is an extraordinary remedy and not an absolute right. *See Rivercenter Assocs.*, 858 S.W.2d at 367. "Although mandamus is not an equitable remedy, its issuance is largely controlled by equitable principles." *Id*. "One such principle is that '[e]quity aids the diligent and not those who slumber on their rights.'" *Id*., *quoting Callahan v. Giles*, 155 S.W.2d 793, 795 (Tex. 1941). Accordingly, a court may properly deny mandamus relief when the record does not reveal a justification for the delay in filing a petition for writ of mandamus. *See, e.g.*, *Rivercenter*, 858 S.W.2d at 367; *see also In re Users Sys. Servs., Inc.*, 22 S.W.3d 331, 337 (Tex. 1999) (noting that "[a] court need not afford mandamus relief to a dilatory party even if an opposing party does not assert lack of diligence as a ground for denying relief"). The Texas Supreme Court recently reaffirmed this principle. *In re Hotze*, 627 S.W.3d 642, 645 (2020) (noting the record failed to show that the relator acted diligently to protect his rights, such that relief by mandamus was not available); *see also In re Marquez*, No. 08-20-00246-CV, 2021 WL 3260631, at *3 (Tex.App.--El Paso July 30, 2021, orig. proceeding) (mandamus denied based on laches, where relator waited more than 23 months to challenge a contempt order for child support and provided no explanation for the delay); *In re Webber, L.L.C.*, No. 05-20-00564-CV, 2020 WL 3496279, at *1 (Tex.App.--Dallas June 29, 2020, orig. proceeding) (mem. op.) ("unexplained delay of four months or more can constitute laches and result in denial of mandamus relief"); *In re Templeton Southwest Ins. Agency, Inc*., No. 08-03-00295-CV, 2003 WL 21716579, at *2 (Tex.App.--El Paso July 25, 2003, orig. proceeding) (mem. op.) (denying mandamus relief, noting that petition did not reflect why relator delayed seeking

3

mandamus relief for almost two years); *Furr's Supermarkets, Inc. v. Mulanax*, 897 S.W.2d 442, 443 (Tex.App.--El Paso 1995, orig. proceeding) (mandamus denied based on laches where relator waited four months to seek relief from severance order).

## CONCLUSION

The record before us does not reflect that the trial court clearly abused its discretion by failing to file findings of fact and conclusions of law, or that Relator has shown any urgent necessity for relief, or that Relator is entitled to the mandamus relief based on the delay in seeking mandamus relief, or that we would even have the authority to order the former judge of the 388th District Court to make such findings now. Accordingly, we deny the relief requested in the petition for writ of mandamus.

JEFF ALLEY, Justice

May 25, 2022

Before Rodriguez, C.J., Palafox, and Alley, JJ.