

# NUMBER 13-25-00033-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE SAMUEL LONGORIA

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Fonseca
Memorandum Opinion by Chief Justice Tijerina[1]**

By petition for writ of mandamus, relator Samuel Longoria asserts that: (1) the trial court has a ministerial duty to hold a restitution hearing and to require the State to provide relator with an inventory and the disposition of forfeited property; and (2) the trial court must terminate the receivership and vacate the order to sell relator's property because it no longer has the ability to require him to make restitution. We deny the petition for writ

---

[1] *See* Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."); *id.* R. 47.4 (explaining the differences between opinions and memorandum opinions).

of mandamus.

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re City of Lubbock*, 666 S.W.3d 546, 553 (Tex. Crim. App. 2023) (orig. proceeding); *In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding). It is the relator's burden to properly request and show entitlement to mandamus relief. *See State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding); *In re Pena*, 619 S.W.3d 837, 839 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding). "Equitable principles are necessarily involved when we consider whether mandamus . . . should issue." *In re Medina*, 475 S.W.3d 291, 298 (Tex. Crim. App. 2015) (orig. proceeding); *see In re State*, 318 S.W.3d 908, 909 (Tex. App.—Eastland 2010, orig. proceeding) (per curiam); *In re Wise*, 20 S.W.3d 894, 895 (Tex. App.—Waco 2000, orig. proceeding) (per curiam).

The Court, having examined and fully considered the petition for writ of mandamus, the State's response, and the applicable law, is of the opinion that relator has not met his burden to obtain relief. Accordingly, we lift the stay previously imposed in this case. *See* TEX. R. APP. P. 52.10. We deny the petition for writ of mandamus.

JAIME TIJERINA
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
5th day of March, 2025.